## The People *vs.* Henry B. Cushney.

In debt on a recognizance conditioned that Van P. should personally appear at the next court of oyer and terminer of the county of Montgomery to answer to an indictment, &c.; *Held* a good answer to the action that intermediate the date of the recognizance and the term of the court therein mentioned Van P. enlisted *as a soldier in the service of the United States,* and was in active service in the army of the United States during the entire session of said court, under the control and authority of the commander-in-chief of said army, and was prevented from attending said court by said commander-in-chief, until after the day of appearance, &c.

DEMURRER to answer. The complaint was in debt upon a recognizance dated August 24, 1864, in the penal sum of $500, conditioned that one Van Patten should personally appear at the then next court of oyer and terminer of Montgomery county, to be held in September, 1864, to answer to an indictment for bigamy. The defendants answered in substance, that after the making of the recognizance and before the day of appearance therein mentioned, Van Patten enlisted as a private soldier in the army of the United States, under the last call of the president of the United States for 500,000 men, and that at the time said court of oyer and terminer was in session he was in active service in said army, under the control and authority of the commander-in-chief and his subordinates in authority. That Van Patten applied to his commanding general for leave of absence to attend said court of oyer and terminer, which was refused. Demurrer to the answer. The court, at special term, ordered judgment for

quently right in sustaining the plaintiff's demurrer to this fourth defense. I am aware that the defendant as a fifth and distinct defense has set up the statute of limitations.

This can not help his fourth defense, as each defense is separately stated in the answer, and upon a demurrer to a distinct defense stated separately in an answer, no resort can be had to other portions of the answer, to sustain such defense, for each defense must be complete in itself. (7 *Abbott's Pr. R.* 372. 10 *id.* 246. 4 *Bosw.* 391.)

The judgment of special term must be affirmed, with costs.

Judgment accordingly."

the plaintiff, on the demurrer. The defendants appealed to this court.

*Henry B. Cushney*, for the appellants.

*Henry Sacia*, (district attorney,) for the respondent.

ROSEKRANS, J. The second answer of the defendant, which is demurred to, states in substance that after the recognizance upon which the action is founded was entered into, the people, the obligees in the recognizance, by their legally constituted military officers, held the principal in the recognizance, for whom the defendant was surety, as a duly enlisted soldier, under the call of the president of the United States for 500,000 volunteers, by his proclamation made July 18, 1864, and that the principal was mustered into the service of the United States as such soldier after the recognizance was entered into, and was by such military officers prevented from attending court at the time and place required by the recognizance. These facts are admitted by the demurrer. The case is one, therefore, where performance of the obligation of the recognizance was prevented and rendered impossible by the act of the obligees, and the surety was consequently released from all liability. (*The People* v. *Bartlett*, 3 *Hill*, 570. *Coke on Litt.* 206 *a*. 8 *Cowen*, 297.) The performance of the obligation of the recognizance was also, according to the allegations of the answer, prevented by the *act of the law*, and the surety thereby discharged. (*Co. Litt.* 206 *a*.) The call of the president for the volunteers was authorized by the act of congress. (*Chap*. 227, *acts of 38th Cong*.) This act was authorized by article 1, section 8, subdivision 14, of the constitution of the United States, giving power to congress to provide for calling forth the militia to suppress insurrection, and subdivision 15 to provide for organizing, arming and disciplining the militia, and for governing such part of them as may be employed in the

service of the United States. The state had, and is to be presumed to have exercised, the reserved right to appoint the officers commanding the militia. The officers of the state, acting under its authority, are thus shown by the answer to have detained the principal in the recognizance and prevented the performance of its condition by the bail. The order of the special term sustaining the demurrer should be reversed, and judgment should be ordered in favor of the defendant.

BOCKES, J. concurred.

JAMES, J. dissented.

Judgment reversed.

[CLINTON GERERAL TERM, July 12; 1865. *Bockes, Rosekrans* and *James*, Justices.]