## SUPREME COURT.

THE PEOPLE OF THE STATE OF NEW YORK, respondents agt. JACOB H. COOK AND JOHN V. DAVIS, impleaded with JEFFERSON MILLER, appellants.

Where a *surety* enters into a *recognizance* for the appearance at court of a principal to answer an indictment, and subsequently the principal *voluntarily enlists* as a soldier in the army of the United States, where he is detained by military authority when the recognizance is called and forfeited, the surety is not liable upon his recognizance.

*Fourth District General Term, October,* 1865.

THE plaintiffs in this action allege in their complaint that on the 17th day of August, A. D., 1864, the said defendants entered into and executed a certain recognizance, bond and covenant, under their hands and seals

respectively, whereby they jointly and severally acknowledged themselves to be indebted to the plaintiffs in the sum of five hundred dollars, upon the conditions following, that is to say, that if the said *Jefferson Miller* should be and appear at the next term of the court of oyer and terminer, to be held in and for the county of Montgomery, then and there to answer to an indictment for larceny or other offence, to be preferred against him, and not depart the court without leave, then such recognizance was to be void, else to be in full force and virtue. And the plaintiffs further allege, that after the execution of said recognizance, to wit: on the said 17th day of August, 1864, the same was duly filed in the office of the clerk of the county of Montgomery, aforesaid. And they further allege, that the next court referred to in said recognizance, commenced its session at the court house in Fonda, in said county, on the 19th day of September, 1864, and so continued until the 24th day of September, A. D., 1864. And the plaintiffs further say, that the defendants have not kept or performed the condition of said recognizance, in that the said *Jefferson Miller* did not be or appear at the said court of oyer and terminer, but upon being then and there called to answer, made default. And an indictment for larceny having been duly found, preferred and filed against him, the said *Jefferson Miller*, and he being called in the said court to answer thereto, did not appear, but altogether made default. Whereupon an order was duly made and entered of record in the minutes of said court, that the said recognizance be forfeited, estreated, and was ordered by the court to be prosecuted by the plaintiffs' attorney. And they also aver that none of the covenants, agreements or conditions of said recognizance has been complied with or performed. Wherefore the plaintiffs demand judgment against the defendants for the sum of five hundred dollars, with interest thereon from the 24th day of September, 1864, besides costs.

The defendants, John V. Davis and Jacob H. Cook, for answer to the plaintiffs' complaint in this, deny each, every and all the allegations in said complaint contained.

And for a second or further answer to said complaint, the said defendants aver that during the entire time the said court of oyer and terminer, held in and for the county of Montgomery, mentioned in said complaint was in session, and for a long time previous thereto, and ever since the 18th day of August, 1864, the said *Jefferson Miller*, one of the above named defendants, was a private soldier in the army of the United States, and under the control and directions of the President of the United States, as commander-in-chief of said army, and was then engaged in active service in said army, out of the state of New York, and was prevented by the commanding general of said army (who was legally and duly authorized by the said commander-in-chief to do such act), from appearing at said court of oyer and terminer, as he otherwise might, and could, and would have done, and requested leave of said commanding general to do, had it not been for such military interference on the part of said general, and the defendants insist that by reason thereof they are not liable on the recognizance mentioned in said complaint. Wherefore the defendants pray that the plaintiffs' complaint be dismissed, with costs.

The plaintiffs in this action demur to the second count or defence set forth in the defendants' answer in this action, on the ground that the same does not state facts sufficient to constitute a defence to such action.

This action having been brought to a hearing upon an appeal from an order and judgment of the special term of this court, made on the 21st day of February, 1865, and entered in Montgomery county clerk's office on the 20th day of March, 1865, sustaining the plaintiffs' demurrer to the defendants' answer in this action, and the decision of the court upon the said appeal having been filed, whereby

the aforesaid order and judgment is in all things reversed, now on motion of H. B. Cushney, defendants' attorney, it is adjudged that the said order and judgment be, and the same is hereby, in all things reversed; and that the defendants recover of the plaintiffs the sum of one hundred and eighty-one dollars and thirty-five cents costs and disbursements in the action and on this appeal. Entered October 20th, 1865.

H. B. CUSHNEY, *for defendants and appellants.*
HENRY SACIA, *district attorney, for respondents.*

I. The statements contained in the count demurred to, afford no defence to the action, the defendants not having brought themselves within any of the exceptions which in law would excuse the performance of their covenant. The question raised is an elementary one, and has long been settled in favor of the plaintiffs. (1 *Saund. Pl. and Ev. p.* 129; *The People* agt. *Bartlett,* 3 *Hill,* 570; *Harmony* agt. *Bingham,* 12 *N. Y. R.* 99, 107.) The rule in such cases as stated by *Saunders,* is. "that where the *law* casts a duty on a party, the performance is excused if rendered impossible by the act of God, but where a party by his own *contract* engages to do an act, it is deemed to be his own act and folly that he did not thereby expressly provide against contingencies, and exempt himself from responsibility on certain events; and in such case, therefore, it is in the nature of an absolute and general contract, the performance is not excused by an inevitable accident or contingency, although not foreseen by, or within the control of the party." (1 *Saund. supra,* 3d *Am. ed.* 129, *and cases cited; Chitty on Contracts,* 734-7.)

The court of appeals in *Harmony* agt. *Bingham,* held that, "it is a well settled rule, that where the law creates a duty or charge, and the party is disabled from performing it, without any default in himself, and *has no remedy over,*

then the law will excuse him, but where the party by his own contract creates a duty or charge upon himself, he is bound to make it good, notwithstanding any accident or delay by inevitable necessity, because he might have provided against it by contract" (12 *N. Y. R.* 107, 108, *per* EDWARDS, *J*). The remedy over in this case by the surety being perfect, for aught alleged, there is no excuse on his part for a non-performance of his engagement.

II. It appears by the plea that sometime must have elapsed before the principal enlisted. The surety in the meantime was virtually his gaoler, and might have prevented the enlistment if he chose to. The plea omits to state anything from which it could possibly be inferred that the enlistment of Miller was against the defendants' consent. The whole tenor of it is that it was a voluntary act on the part of the former. If Miller had been drafted into the service, the case might be different. The order should be affirmed.

ROSEKANS, J.    The second answer of the defendants which is demurred to, states in substance, that after the recognizance upon which the action is founded was entered into, the people, the obligees in the recognizance, by their legally constituted military officers held the principal in the recognizance, for whom the defendants were sureties, as a duly enlisted soldier under the call of the President of the United States for 500,000 volunteers, by his proclamation made July 18th, 1864, and that the principal was mustered into the service of the United States as such soldier after the recognizance was entered into, and was by such military officers prevented from attending court at the time and place required by the recognizance. These facts are admitted by the demurrer. The case is one, therefore, where the performance of the obligation of the recognizance was prevented and rendered impossible by the act of the obligee, and the sureties were consequently released

from all liability. (*The People* agt. *Bartlett*, 3 *Hill*, 570; *Co. Litt.* 20, 6 *a.* ; 8 *Cow.* 297.) The performance of the obligation of the recognizance was also according to the allegation of the answer, prevented by the act of the law, and the surety thereby discharged (*Co. Litt*).

The call of the President for volunteers was authorized by act of congress (*chap.* 227, *acts of 38th congress*). The act was authorized by article 1, section 8, subdivision 14, of the constitution of the United States, giving power to congress to provide for calling for the militia to suppress insurrection, and subdivision 15, to provide for organizing, arming and disciplining the militia, and for governing such part of them as may be employed in the service of the United States. The state had, and is presumed to have exercised, the reserved right to appoint the officers commanding the militia. The officers of the state acting under its authority, are thus shown by the answer to have detained the principal in the recognizance, and prevented the performance of its conditions by the bail.

The order of the special term sustaining the demurrer should be reversed, and judgment should be ordered in favor of the defendants.