THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ANTHONY CARLINO, Defendant.

County Court, Kings County, January 5, 1943.

*Thomas Mirabile* for defendant.

*Thomas Craddock Hughes, Acting District Attorney (Frank DiLalla* of counsel), for plaintiff.

LEIBOWITZ, J. The defendant, on November 20, 1941, pleaded guilty of assault, third degree, under indictment charging rape, second degree, abduction, and assault, second degree. He was permitted to continue at liberty on bail pending sentence.

He failed to appear for sentence on December 19, 1941, whereupon the bond was forfeited.

Section 598 of the Code of Criminal Procedure provides that an application for remission must be made within one year after the forfeiture is declared.

Defendant moved on December 11, 1942, to extend the time limitation set by section 598, alleging that the defendant is now in the service of the armed forces of the United States and cannot therefore appear for sentence before the year's limitation expires.

The court is without power to grant an extension of the time limitation fixed by statute. (*People* v. *Martin,* 225 App. Div. 572.) The defendant is in an analogous situation to one seeking to extend the time limitation set by the statute regulating the period during which an appeal may be taken after conviction. (Code Crim. Pro., § 521.) In neither case is there power in the court to order an extension.

Under the general prayer for relief the defendant prays for an order remitting the forfeiture because of the defendant's present military service.

Section 593 of the Code of Criminal Procedure provides in part:

" If without sufficient excuse, the defendant neglect to appear for arraignment, or for trial or judgment * * * the undertaking of his bail * * * is thereupon forfeited."

By chapter 670 of the Laws of 1942, section 593 was amended by providing that: " * * * the fact that the defendant is a member of the armed forces of the United States shall in itself be sufficient excuse for his neglect to appear or surrender as required, and in that event no forfeiture * * * *shall* occur." (Italics supplied.)

This amendment went into effect on May 5, 1942. The defendant's bond was forfeited on December 19, 1941. It does not appear from a reading of the amendment that the Legislature intended that forfeitures *already declared* and occurring prior to its enactment be remitted by the court.

In any event, the defendant was not in military service on December 19, 1941, when he failed to appear for sentence. It is alleged by his attorney that he joined the armed forces in April of 1942. It is not revealed whether he voluntarily enlisted while he was thus a fugitive from justice, or was drafted under the provisions of the United States Selective Service Act. But, regardless of how he was inducted, he cannot now urge his service in April, 1942, as an excuse for a delinquency occurring on December 19, 1941.

*People* v. *Cushney* (44 Barb. 118) and *People* v. *Cook* (30 How. Pr. 110), cited by the defendant, do not apply. In each of the above cases the bond was forfeited subsequent to the defendant's entry into service.

This motion is therefore in all respects denied.