NEW YORK,
May, 1835.

The People
v.
Tilton.

---

THE PEOPLE *vs.* TILTON and others.

Where the putative father of a *bastard child* 's arrested on a warrant, in a county different from that in which the process was issued, and gives a *bond*, conditioned that he *will indemnify the county*, OR *that he will appear at the next court* of general sessions, the bond, although not strictly conformable to the statute, is valid, and may be enforced.

Where the condition of a *bastardy bond*, taken out of the county, is merely to *indemnify*, two justices of the county in which process issued, have the same power to make an *order of filiation*, that they have when the bond is *to appear*, &c.

In case of a forfeiture of a bond for the *appearance* of the putative father, the *penalty* is recovered ; but where the bond is to *indemnify*, and a breach happens in the condition, the breach must be assigned, and *damages* must be assessed.

Where a bond is conditioned for the performance of one thing *or* another, so that the obligor may discharge the obligation by a compliance with one of the alternatives, a breach assigning a non-performance of *one* of the alternatives *only* is bad.

A defendant will be permitted to amend, though the special causes assigned by him for demurrer to the plaintiff's declaration are ruled against him, provided the questions of law presented by the special demurrer could properly have been raised under the general demurrer.

DEMURRER to declaration. This is an action of debt on a bastardy bond. The warrant for the arrest of Tilton, the putative father, was issued in *Onondaga.* Tilton was found in *Livingston* county, and the warrant was endorsed by a justice of the peace of that county, and Tilton arrested and brought before such last mentioned justice, who, on the 30th May, 1832, took a bond from Tilton, with sureties in the penal sum of $500, conditioned that Tilton *would indemnify the county of Onondaga, the town of Manlius,* &c. from all expense in the support of the bastard child, &c. *or that he would appear at the next court* of general sessions of the peace to be holden in the county of Onondaga, and not depart, &c. The declaration contains three counts : in the first, after setting out the preliminary proceedings, the issuing of the warrant, the arrest of

NEW YORK, Tilton, and the giving of the bond, it is alleged that on 19th
May, 1835. November, 1832, two justices, one of whom was the justice
The People issuing the warrant, made an order of filiation, adjudging Til-
v. ton to be the father of the child, and directing him to pay
Tilton. $\frac{75}{100}$ weekly, for its support; that the bond and order were
duly filed, and at the next court of general sessions, held in
and for Onondaga, commencing on the 26th November, 1832,
the order of filiation was in due form of law affirmed ; and it is
then averred that the town of *Manlius* has incurred great ex-
pense in the support of the child, to wit, the sum of $100,
&c. The breaches alleged are, that Tilton *has not indemnified
the town* of Manlius against such expense; that he has not
paid the weekly sum of $\frac{75}{10}$, nor the costs of apprehending him;
and that *he did not appear* at the next court of general sessions
&c.: thus showing a breach of *both alternatives* contained in
the condition of the bond. The *second count* avers a breach on-
ly of the second alternative specified in the condition, viz. *that
Tilton did not appear;* and the *third count* states a breach of
the first alternative only,viz. *that he did not indemnify.* The
defendants put in a demurrer to each count of the declaration,
assigning special causes with each demurrer.

*Z. T. Newcomb,* for defendants.

*J. J. Briggs,* for plaintiffs.

*By the Court,* SAVAGE, Ch. J. The first objection to the first
count is, that the bond is void, because it is not taken in the
form prescribed by the statute. This objection is not tenable.
The bond, although not strictly in compliance with the stat-
ute, is not void as against the defendants. It is more favor-
able to the defendant than it should have been ; it ought reg-
ularly to have contained but one of the alternatives given by
the statute. It should have contained but one condition: either
that the putative father would indemnify the county, or if he
did not choose to do that, then the condition should have been
to appear at the next general sessions, &c. The one operates
as a submission to the order of filiation, except as to a weekly
allowance to be made ; the other is an appeal from it.

The second objection is, that the justices had not jurisdiction
to make an order of filiation. There seems to have been an

omission in the statute as to the making an order of filiation when the bond is taken out of the county, and the condition is simply to indemnify ; when the putative father is arrested in the county in which the warrant issued, he is to be brought before the justice who issued it, and proceedings are pointed out as to the making an order. 1 *R. S.* 644. Where the bond is taken out of the county, and the condition is to ap= pear at the next general sessions, there the justice is directed how to proceed, and how the order shall be made ; but where the condition in the last case is to indemnify merely, and not to appear, the statute is silent. That an order of filiation shall be made in such case, is evident from the section prescribing the form of the condition. 1 *R. S.* 643, § 8. That an order must be made is certain ; but how shall the justices proceed ? Where the putative father is brought before the justice upon the warrant, whether arrested in the county or out of it, the order is to be made upon an examination of the mother, *in the presence of the person so charged, p.* 644, § 11 ; but if he gives a bond in another county, he is discharged from the ar- rest, *p.* 643, § 9. In that case he does not appear before the justice. The examination may be made in his absence, § 18, 19 ; and though this provision embraces, in terms, the case where the condition is to appear, yet the reason is the same where the condition is to indemnify ; and as no notice in such case is required, but the order must be made, it fol- lows that the order may be made in the absence of the putative father. The justices therefore had jurisdiction to make the order. The next suggestion I have already an- swered. It is that the justices could make no order, unless the condition is absolutely to appear ; and this bond is in the alternative. Unless the true construction is as I have sup= posed, it will be seen that no valid order of filiation can ever be made where the putative father is arrested in a foreign county, and gives a bond to indemnify, and not to appear.

The next difficulty suggested is as to the form of the judg= ment. For a breach of the first condition, damages are to be assessed ; for a breach of the second, the penalty is forfeited. The answer is, that in both cases the penalty is technically forfeited ; and judgment in both cases is entered for the pen-

NEW YORK, alty. It is true that in one case damages are to be assessed,
May, 1335. and in the other, the whole penalty is to be recovered; but
The People this, I apprehend, is no cause of demurrer to the declaration.
v. It does not follow that the defendant is in any danger of being
Tilton. injured. There is but one penalty to the bond; that is the
extent of the defendant's liability. The plaintiff has averred
that the defendant Tilton has broken both alternatives of his
engagement; technically, therefore, he has forfeited the pen-
alty: and in order to show such forfeiture, it was necessary
to aver the breach of both alternatives, as the bond is in the
alternative. Whether the plaintiff must issue execution for
the penalty, or proceed and assess damages, it is perhaps un-
necessary to decide upon this demurrer; but it cannot be im-
proper to suggest that the latter is the proper course. The
defendant failed to appear; but he may say that he did so be-
cause he preferred to take the other alternative of his bond,
to wit, to indemnify the county; and when he is proceeded
against upon that alternative, he cannot say that he refuses
to indemnify because he means to appear according to the
condition of his bond. The admission by the demurrer is,
that he has failed to perform that alternative; and he is there-
fore bound absolutely to the performance of the other. If these
remarks are correct, it follows that the *first count* is good.

The second and third counts, however, are bad. The se-
cond avers a breach of the second alternative only of the condi-
tion of the bond. The answer is, that Tilton was not absolute-
ly bound to its performance. He might choose to indemnify.
The third count contains only a breach of the first alternative,
to wit, that he has not indemnified; *non constat*, but what he
appeared, and proceedings were had by which he was dis-
charged.

Judgment must be rendered for the plaintiffs on the demur-
rer to the first count, and for the defendants on the demurrer
to the second and third counts; with leave to both to amend
on payment of costs. The plaintiff, however, needs no amend-
ment, as he has one good count. It is suggested that as the
demurrers were special, if judgment is for plaintiff on either
count, it should be final; but the answer is, that the objection
is one which might have been raised on general demurrer.

Judgment as above.