## SUPREME COURT.

### AYRES agt. COVILL.

A *special term* of the supreme court has jurisdiction to hear a motion made upon the ground of irregularity in obtaining a judgment or order at *general* term, where the point was not before the latter court.

Or, if the judgment or order obtained at general term was regular, and the moving party seeks relief by excusing his default, then the application may properly be made at special term. It is different where the motion necessarily requires a reconsideration of the adjudication at general term. (*This agrees with Corning agt. Powers, ante, p.* 54.)

The parties in this case, after a series of defaults and motions, set right by the court, so that the cause might be disposed of without a repetition of such matters.

Ayres agt. Covill.

*Essex Special Term, March,* 1854.—This was a motion on the part of the plaintiff to set aside an order granted by default at the last special term at Ballston, held by Mr. Justice CADY. The ground of the application, as stated in the notice, was, that the special term had no power or jurisdiction, and it was against good practice, and irregular, and void. Judgment had been given at special term for plaintiff on a demurrer to the answer, from which the defendant appealed. At the last July general term, at Plattsburgh, judgment of reversal was entered by default. At the September general term, at Canton, this default was set aside on motion of plaintiff. The order to that effect did not state that any proof of service of notice of the motion was filed, nor that counsel appeared to oppose. The caption of the order stated the term of holding the court as usual, but in the margin of the order, as certified, was a memorandum, "entered Dec. 20th, 1853." The defendant's attorney swore, in his moving affidavit at Ballston, that no notice of that motion was given, and that he never heard of, or had the least intimation of that order until the 20th January, 1854. At the general term at Fonda in January, 1854, judgment was affirmed by default on motion of the plaintiff, upon affidavit of service of notice of argument by mail on the 16th of December last, and the copy of notice filed was dated on the 6th of Dec., 1853. The defendant's attorney also swore that he never received notice of argument for that term, or knew of the order giving judgment, until the 12th or 13th of January last; and that all these proceedings in relation to both of these orders were a perfect surprise upon him. The special term at Ballston set aside the order purporting to have been entered at Canton, opening the default of plaintiff in July; and also the order for judgment of affirmance entered at Fonda, with $10 costs. As an excuse for not appearing at Ballston, the plaintiff stated, in his affidavit, that he supposed it the settled practice that such a motion would not be heard at special term. Also, that he was unable to attend the term at Ballston before Wednesday, and was, on Tuesday of that week, attending the Montgomery county court; and that he sent papers to oppose

Ayres agt. Covill.

to counsel at Ballston, who had informed him that he did not receive them in time. He also stated that the default was taken at Fonda upon filing proof of regular service of notice of argument.

R. S. HALE, *for plaintiff.*
W. GLEASON, *for defendant.*

HAND, Justice. There is no doubt the special term had jurisdiction to open the default. That was the practice before 1847. (2 *How. Sp. T. R.* 32 ; 1 *Id.* 41, 43, 52.) Although a " special term " is mentioned in the present constitution, (*Art.* 6, §§ 6, 9,) which in this respect is different from the former, yet there is now, as then, but one supreme court. (*Id. Art.* 6, § 3.) This motion is not included among those which, by the rule may be made at general term. (*Rule* 27.) In a recent case, not yet reported, Mr. Justice HARRIS said it was " only when the relief sought affected the adjudication that had been actually made, that it was deemed necessary to apply for such relief at the general term." (Corning agt. Powers, *et al.*, executors, &c., *MSS.*, since reported, *ante, p.* 54.) I think that is the true distinction. Where the motion is made upon the ground of irregularity in obtaining the judgment or order at general term, and the point was not before that court ; or if the judgment or order was regular, and the party seeks relief by excusing his default, I see no reason why the application should not be to the special term. It is different where the motion necessarily requires a reconsideration of the adjudication at general term.

The rule entered at Ballston was, therefore, regular, and should not be vacated unless the plaintiff makes sufficient excuse, and the case is one in which an opportunity to be heard might change the result.

The excuse is certainly not very satisfactory. The plaintiff says he was unable to attend, but does not state what prevented his attendance. He was at Fonda attending the county court on Tuesday, and probably heard the result of the motion in time to have reached Ballston before the adjournment. He

sent his papers to counsel, but he does not state when he sent them; nor does it appear, except by hearsay, that they did not arrive in time; nor is it shown they contained any answer to the motion. But the plaintiff swears he supposed the motion would not be heard. Perhaps this may be considered as a mistake of the practice, and if so, he should still be heard, if it appear he has any answer to the motion. The defendant shows that the default at the July general term was duly entered; and I think it should not have been opened without notice of motion for that purpose, and that the order to that effect was inadvertently granted. But as it was done at general term, it is not probable that order would have been vacated by the special term had there been objection.

The plaintiff was clearly irregular in taking judgment of affirmance by default at Fonda. The order obtained at Canton in September, opening his default in July, was not entered until the 20th of December, thirteen days before the term; and his notice of argument was dated on the 6th of that month, and served by mail on the 16th. These proceedings on their face are fatally defective. The defendant was not affected by that order until it was entered and served.

Upon the whole, I think these parties had better be put in a way to go on with the suit, without troubling them to make any more motions.

The order of the special term must be modified so as to permit the order granted at Canton to stand; and in all other respects it must be affirmed.

Considering the doubt as to the practice reasonable, I should not have charged the plaintiff with costs, though if the plaintiff had been right, it was safer to appear and oppose. (9 *Wend.* 450.) But his default at Ballston was regularly entered, and he should have given notice of his motion at Canton; and he has not been charged with the costs of that motion, or of the July term at Plattsburgh, and I can do no less than charge him with the costs of opposing this motion.

Ordered accordingly.