ᕽ POPPENHUSEN *vs.* SEELEY and others.

An undertaking given on appeal to the general term, on demurrer, was conditioned that the appellants would pay all costs and damages which might be awarded against them on said appeal, not exceeding $250, and also the judgment appealed from, *if the same should be affirmed. Held,* that there was no liability on the part of the sureties, until there was an absolute affirmance of the judgment.

The respondent must have the right to enter and collect a *judgment of affirmance,* before he can proceed against the sureties in such an undertaking. SUTHERLAND, J. dissented.

A mere order of the general term, affirming the judgment appealed from, except that the appellants have leave to answer the complaint, is not sufficient to authorize a recovery upon the undertaking.

THIS action was brought against the sureties on an undertaking given on appeal to the general term of this court from a judgment rendered at special term, in favor of the plaintiff, on the ground of the frivolousness of the demurrer to the complaint. The undertaking was in conformity with the provisions of sections 334 and 335 of the code; and by its terms the sureties undertook that the appellants would pay all costs and damages which might be awarded against them on said appeal, not exceeding $250, and also the judgment appealed from, *if the same should be affirmed.* On the hearing of said appeal, the general term made an order "That the said judgment of August 13, 1860, be, and the same is hereby *affirmed,* except that the defendants have leave to answer the complaint in this action within twenty days after service upon them of a copy of this order; the costs of said appeal shall abide the event of this action." After said order of the general term, the defendants in that action put in an answer, and upon a trial of the issues, the plaintiff recovered a judgment, from which an appeal was taken to the general term, which affirmed that judgment, May 19, 1862. On the 19th day of May, 1862, the costs of the plaintiff on the appeal from the judgment of August 13, 1860, were adjusted at $111.04. Upon the trial of the present action, at the circuit, before his honor Justice LEONARD, the

counsel of the defendant insisted that the permission to answer, contained in the order of the general term affirming the judgment of August 13, 1860, made the affirmance *conditional,* and operated like a *reversal* of the judgment appealed from, so as to discharge the sureties from liability on their undertaking. The justice dismissed the complaint, and the plaintiff appealed.

*H. Andrews,* for the appellant.

*A. C. Bradley,* for the respondent.

LEONARD, P. J. Although there was an *order* of the general term affirming the judgment of August 13, 1860, no *judgment* of affirmance could be entered, if the defendants in that judgment availed themselves of the leave to answer contained in and forming a part of the said order. When those defendants answered, a new issue, differing in its character and mode of trial from that upon which the prior judgment had been entered, was formed, and the right to enter a judgment of affirmance, or to issue an execution on any judgment of affirmance, was forever gone. The plaintiff must have the right to enter and collect a *judgment of affirmance,* before he can proceed against the sureties in such an undertaking as the present. The plaintiff has never acquired such a right.

There never has been a final determination of the appeal from the judgment of August 13, affirming the judgment upon the issue joined. There was no liability of the defendants under their undertaking, until the condition of an absolute affirmance was accomplished. The liability of the defendants as sureties could not be retained to abide the determination of a new and different issue, arising upon an answer to the complaint, involving an investigation of questions of fact. The defendants were to be liable only upon an absolute affirmance of a judgment rendered upon issues of law, arising on demurrer to the complaint. Their undertaking does not embrace a judgment upon any other issues. Whatever right the

plaintiff may have to issue execution, or to proceed to the collection of the judgment of August 13, 1860, as against the defendants therein, it does not extend to the sureties in the undertaking upon appeal. The sureties are entitled to the protection of a strict construction in their favor of the contract whereby they have agreed to become bound. It would enlarge their liability to hold them liable for the result which ensued after a new and different issue had been made in the action.

The result of the trial on the issues of fact finally joined in that action had no connection with the affirmance of a judgment rendered upon demurrer; and that was the condition upon which, only, the defendants were to become bound by the terms of the undertaking.

· The judgment should be affirmed, with costs.

CLERKE, J. concurred.

SUTHERLAND, J. (dissenting.) In my opinion the plaintiff showed at the circuit a right to recover in this action against the defendants, the sureties to the undertaking, the amount of the judgment of August 13, 1860, with interest. The words of the undertaking are, that they " will pay all costs and damages which may be awarded against them (the appellants) on said appeal, not exceeding $250, and do also undertake that if the judgment so appealed from, or any part thereof, be *affirmed*, the said appellants will pay the amount directed to be paid by the said judgment, or the part of such amount as to which the judgment shall be affirmed," &c.

It is impossible to say that the judgment of the 13th of August, 1860, so appealed from, was not *affirmed*, absolutely affirmed, by the general term. In my opinion it is a misapplication of words to say that the leave given by the order of affirmance, for the defendants to answer in twenty days, qualified the *affirmance*, or made *it* conditional. The judgment of the special term on the demurrer was absolutely affirmed by the general term, but the general term gave the

Poppenhusen *v.* Seeley.

defendants leave to answer; and that is all there really is of the general term order of affirmance. In drawing the general term order, the word *except* was inadvertently and inappropriately used instead of the word *but,* and thus came the doubt about the construction of the order. The leave to answer cannot properly be said to be an exception to, or qualification of the affirmance of the judgment of the special term.

No doubt the leave given to answer, by the order of affirmance, was in effect a stay of all proceedings on the judgment affirmed till the time to answer expired, and if an answer was put in, till the trial and determination of the issues; and upon the second judgment being obtained, the plaintiff in the judgments had no right to collect both judgments; he was not entitled to double satisfaction; and probably the defendants in this action, the sureties in the undertaking, upon showing that the amount of the judgment of August 13, 1860, affirmed by the general term, could probably be collected by execution issued on either of the judgments, could have obtained an order staying all proceedings in this action on the undertaking, till such an effort had been made, to collect of their principals. But as no such stay had been obtained, and this action came on for trial on the naked issues between the parties, it appears to me that it is impossible to say that the plaintiff had not a technical right to recover the amount of the judgment of August 13, 1860, so affirmed by the general term.

In my opinion he was not entitled to recover the costs of the plaintiff in the judgment *on the appeal,* adjusted it seems at $111.04, because no costs were awarded against the appellants by the general term on the " *said appeal;* " but by the general term order, the costs of the appeal were to *abide the event of the action.*

The judgment should be reversed, with costs to abide the event of the action.

Judgment affirmed.

[NEW YORK GENERAL TERM, May 2, 1864. *Leonard, Clerke* and *Sutherland,* Justices.]