CONRAD POPPENHUSEN, Appellant, *v.* EBENEZER SEELEY, impleaded, etc., Respondent.

Sureties in an undertaking on appeal in the usual form, subject to the usual conditions, are not liable thereon when the judgment on such appeal is interlocutory merely, and not final.

JUDGMENT absolute for plaintiff on demurrer at Special Term.

UNDERTAKING by defendant in this suit, on appeal to General Term, to pay all costs and damages upon such appeal, *and the judgment also,* if affirmed at General Term.

ORDER at General Term, affirming judgment, *except* that defendant have leave to answer.

Defendant did answer, and plaintiff recovered judgment again, upon the issue of fact thus joined.

ACTION against the defendant in this suit on said undertaking.

HELD, that there was no judgment of *affirmance,* hence no liability of defendant upon the undertaking.

THIS action was prosecuted in the Supreme Court, first district, to recover against the sureties in an undertaking given on an appeal to the General Term of that district from a judgment in favor of George D. Sargeant against Joseph L. White and Peter R. Stelle, recovered August 13th, 1860, for $1,587.36 damages and costs. The undertaking recites the judgment, and the intention of the said White to appeal to the General Term; and the parties thereto (the said Seeley and others), undertake that the appellants "will pay all costs and damages which may be awarded against them on said appeal, not exceeding two hundred and fifty dollars; and also undertake that if the said judgment, or any part thereof, be affirmed, the said appellants (the defendants in that judgment) will pay the amount directed to be paid by the said judgment, or the part of such amount as to which the said judgment shall be affirmed, if it be affirmed only in part, and all damages which shall be awarded against the said appellants on the said appeal."

The said judgment in favor of Sargeant, and his claim against the sureties in the said undertaking, were by him assigned to the plaintiff, Poppenhusen, on the 18th of March, 1862.

The judgment in favor of Sargeant against White and Stelle, of August 13th, 1860, was rendered on a motion at Special Term on the ground of the frivolousness of the demurrer interposed by them to the complaint. The defendants, White and Stelle, appealed to the General Term from the judgment so obtained against them, and upon that appeal the undertaking was executed by Seeley and Irving as sureties, upon which this action is brought.

That appeal was heard at the General Term, where, on the 13th of March, 1862, it was ordered (in *hæc verba*), "that the said judgment of August 13th, 1860, be, and the same hereby is, affirmed, except that the defendants have leave to answer the complaint in this action, within twenty days after service upon them of a copy of this order; the costs of said appeal shall abide the event of this action."

White and Stelle having died, the said action was revived against their representatives on motion of the plaintiff's attorney.

The representatives of White and Stelle thereupon availed themselves of the leave to answer contained in the order of the General Term of March 13th, 1862. The issues formed by the said answer were afterward tried by the court without a jury, and a decision in writing was filed, containing the conclusions of fact and of law found by the court, resulting in favor of the plaintiff, Sargeant, for the amount claimed, with interest and costs; and upon this trial and decision, judgment was entered against the administrators of White and Stelle on the 19th day of May, 1862.

These are the material facts substantially as they appeared upon the trial of this action; whereupon, on motion of the counsel for the defendant, Seeley, the complaint of the plaintiff was dismissed by the court, and the case taken from the jury. The counsel for the plaintiff duly excepted to the decision.

Upon a review of this trial at the General Term in the first district, the judgment entered for the defendant, dismissing the complaint, was affirmed, and the said plaintiff, Poppenhusen, now appeals to this court.

*C. S. Andrews*, for the appellant.

*Alvin C. Bradley*, for the respondents.

Leonard, J.   The question upon the evidence in this case is whether the judgment of August 13, 1860, has ever been affirmed in such a sense as to constitute a breach of the defendants' undertaking.   The undertaking is conditioned, first, to pay all costs and damages which may be awarded on said appeal, not exceeding $250.   Second, to pay the amount of the judgment, and all damages which shall be awarded on the said appeal, if the judgment be affirmed.

It will be observed from the foregoing statement of the facts, that there has been no entry of a final judgment upon the appeal wherein Seeley became a surety.

The order of affirmance was interlocutory only, and no final judgment was authorized by it, unless White and Stelle, the defendants in the action, omitted to avail themselves of the permission which was contained in the same order, giving them the right to answer the complaint.   White and Stelle having died in the meantime, the right to interpose an answer passed to their representatives upon the revival of the action.   The answer authorized by the decision of the demurrer, was served by the representatives of White and Stelle; and the right to enter a final judgment in favor of the plaintiff, Sargeant, from that time, depended wholly upon the result of the trial of the new issue formed by the answer. The final judgment subsequently entered, was founded upon the facts and conclusions of law found by the judge before whom the new issue was tried without a jury, and not upon the appeal.   It clearly was not an affirmance of the judgment of August 13, 1860, and had no reference to it in any manner.   Seeley did not undertake to become liable for the result of the trial of an issue of fact between the parties to be thereafter joined.   His liability was to accrue only after an affirmance *upon that appeal* of the then existing judgment.   Such affirmance, according to the well-established practice, must be an absolute judgment, upon which Sargeant had the recognized right at law of issuing an execution

and enforcing the collection of the judgment from which the appeal had been taken. Any affirmance which fell short of securing this absolute right, was necessarily interlocutory or conditional; or both interlocutory and conditional. The order or decision which is here urged as a judgment of affirmance is of that character. No proceeding could be taken to enforce the judgment of August, 1860, until the lapse of twenty days after service of the order, and the failure of White and Stelle to answer the complaint within that time. When they answered, the right to enter an absolute judgment for the affirmance of the judgment appealed from was gone; and the judgment to be thereafter entered for the plaintiff, if any, depended upon a new contingency; the result of a trial of the new issue joined in the action. The order was coupled with a contingency or condition whereby a judgment awarding costs or damages to the plaintiff, or even the affirmance of the judgment below might never happen. The costs of the appeal, by the terms of the order, were to abide the event of the action, and would, in case the defendants finally prevailed, belong to them and not to the plaintiff in the action. An order which depends, as this one does, upon the right of the other party to exercise a privilege which renders the affirmance nugatory as a judgment, is necessarily both conditional and interlocutory.

Something further remained to be done before the affirmance was to become operative, so as to permit the enforcement of the order, or the judgment appealed from. It never did become operative as an affirmance. It was the result of the trial upon the issue formed by the answer which has authorized further proceedings to collect the judgment of August, 1860, and not the order of the General Term which has been referred to.

Seeley never stipulated to become responsible for such a judgment. He stands as a surety, and is entitled to the benefit of the rule which forbids any interpretation not strictly authorized by the terms of his contract.

These considerations make it clear to my mind that there never has been any affirmance of the judgment mentioned in

the undertaking of Seeley, from which the appeal was taken, within the legal sense and import of the term as used in the Code of Procedure or in the undertaking.

It has been said, however, that the Supreme Court at General Term had no authority to attach any condition to their decision upon the demurrer; that the order should be held to be an affirmance of the judgment appealed from simply, and that the leave given to answer should be considered wholly nugatory.

The order of the General Term, if erroneous, was subject to correction on an appeal to this court, after the final determination of the cause. We have no reason to suppose that the plaintiff was aggrieved by the order. It appears that the order is in full force, never having been appealed from, modified or reversed. The General Term, by their decision, modified the order of the Special Term striking out the demurrer as frivolous, by directing that the defendants have leave to answer, and that the costs abide the event. This was the exercise of a power clearly within the jurisdiction of the General Term, and as that order is not here for review on the present appeal, it having been made in another and different action, this court is not at liberty to consider it on the merits. The authority exercised by the Supreme Court in granting leave to answer is not a mere exercise of jurisdiction. The late Supreme Court, under the former Constitution, exercised the same discretion in like cases. (Graham's Pr., 759, 762, 2d ed.) Numerous instances can be found in the reported cases where leave to answer was given by the late Supreme Court on the decision of a demurrer. *The People* v. *Tilton* (13 Wend., 597) is one.

We must assume that the leave was granted on sufficient grounds. Whether the General Term proceeded upon affidavits of the parties, or upon the statement of counsel respecting the merits, that court exercised only such a discretion as is justified by the course of practice. The General Term could, in its discretion, grant leave to answer, or refer the question to the Special Term to be heard there. In either branch, it was the Supreme Court which made the

order and granted the leave. None of its ancient powers are taken from that court by the new Constitution. (9 How. Pr., 573, HAND, J.; 10 id., 353, 415, MITCHELL and MASON, JJ.) It is probable that the General Term did not regard the demurrer as wholly frivolous, although not well taken, and may for that reason have given leave to answer, and directed the costs to abide the event, rather than reverse the judgment, in which case, according to the customary practice, it would have carried costs against the plaintiff.

The judgment appealed from must be affirmed with costs.

MORGAN, J. The judgment for the plaintiff at Special Term, upon the defendant's demurrer to the complaint in the original suit, was absolute. Upon appeal to the General Term, the defendant in this suit undertook to pay all costs and damages which might be awarded against the defendant in that suit upon such appeal, and if the judgment should be affirmed, to pay that also.

The court, at General Term, made an order upon the appeal in the original suit, in which it is said the "judgment is affirmed, except that the defendants have leave to answer the complaint within twenty days, the costs of appeal to abide the event of the action."

The defendant in the original suit having availed himself of the liberty granted, no formal judgment of affirmance was entered, but the plaintiff recovered another judgment upon the issue of fact thereafter joined in the action.

The question here is whether the defendant is liable upon his undertaking.

I think it is very clear that he is not. There was no judgment of affirmance; the very terms of the order preventing such a judgment in case the defendant chose to put in an answer.

The legal effect of the order of the General Term is to direct a judgment of affirmance, unless the defendant answers the complaint in twenty days. He did answer the complaint in twenty days, which necessarily prevented any judgment of affirmance.

The court, on granting leave to the defendant to answer the complaint, might, and I think should, have imposed upon him the payment of the costs of the demurrer and of the appeal; or the court might, I think, have directed a judgment of affirmance to be entered, to remain as security for any recovery which the plaintiff might obtain on the trial of the action, in case the defendant availed himself of the privilege of putting in an answer.

I am satisfied this case was correctly decided in the Supreme Court, and that the judgment should be affirmed.

All the judges concurring, except SMITH, J.,

Judgment affirmed.