ALEXANDER M. LOWRY, APPELLANT, *v.* WILLIAM H. TEW, RESPONDENT.

*Undertaking given on an appeal from a justice's judgment — when the condition of it refers to the final determination of the appeal, i. e., the judgment recovered on a new trial.*

The plaintiff having recovered a judgment by default for $150 and costs in a Justices' Court against one Ross, the latter appealed to the County Court, stating in his notice of appeal that he would move, for a new trial before the same justice, upon affidavits showing that manifest injustice had been done and excusing his default. In order to stay the issue of an execution upon the judgment he procured the defendant to give an undertaking conditioned "that if judgment be rendered against the appellant on said appeal, and execution be returned unsatisfied in whole or in part," he would pay the amount unsatisfied.

Upon a new trial ordered by the County Court the plaintiff again recovered a judgment for $148 and costs, which was, upon an appeal taken by Ross, affirmed by the County Court.

This action was brought upon the undertaking, by the plaintiff, after an execution issued upon the judgment had been returned unsatisfied, and after ten days' notice had been given to Ross.

*Held,* that the defendant's liability was not terminated by the granting of the new trial, but that the condition of the undertaking referred to the final determination of the appeal and that the plaintiff was entitled to recover.

APPEAL from a judgment, entered upon a decision dismissing the complaint, rendered at the Chautauqua Circuit, on a trial by the court without a jury.

*A. Hazeltine,* for the appellant.

*H. O. Lakin,* for the respondent.

SMITH, P. J.:

The plaintiff herein recovered a judgment for $150 besides costs, in a Justices' Court, against one Ross, who made default and did not appear before the justice. Ross appealed to the County Court, and in his notice of appeal stated that he would move for a new trial, before the same justice, upon affidavits to be served, showing that manifest injustice had been done and excusing his default. For the purpose of staying execution, Ross procured the present defendant, Tew, to give an undertaking conditioned " that if judgment be rendered against the appellant on said appeal, and execution be returned unsatisfied, in whole or in part," he would pay the amount unsatisfied. On the hearing of the appeal in the County Court a new trial was ordered before the same justice, which was thereafter had, and judgment was rendered by the justice against Ross for $148 and costs. Ross appealed from that judgment to the County Court, and it was affirmed, with costs. An execution was issued on the judgment of affirmance and returned unsatisfied, and after ten days' notice to Ross this action was commenced on the undertaking.

The ground taken by the respondent, and on which it is understood the case was disposed of at the circuit, is that as the judgment appealed from was not affirmed, but a new trial was granted, the obligation of the undertaking was at an end, and did not extend to the judgment recovered upon the new trial.

That construction we think does not accord with the spirit or letter of the undertaking. The object of the appellant in bringing the appeal was to obtain a new trial before the same justice. The granting of a new trial did not discharge the surety, for until the new trial was had the result of the appeal was undetermined. The judgment recovered upon the new trial, and subsequently affirmed by the County Court, was the judgment rendered on said appeal. In other words, the condition of the undertaking refers to the final determination of the appeal. (*Humerton* v. *Hay,* 65 N. Y., 380; *Richardson* v. *Kropf,* 47 How. Pr., 286; S. C. affirmed, 60 N. Y.,

634; *Robinson* v. *Plimpton*, 25 N. Y., 484; *Letson* v. *Dodge*, 61 Barb., 125, and cases cited by JOHNSON, J., p. 128.)

The undertaking was executed in pursuance of the requirement of section 356 of the Code of Procedure. The circumstance that the words "on said appeal," which are not found in the statute, were inserted in the undertaking does not affect its construction. It was said of the like words in *Doolittle* v. *Dininny* (31 N. Y., 350, *per* DAVIES, J., 353) that "they in no sense add to or take from the force and effect of the undertaking." (See, also, *Gardner* v. *Barney*, 24 How. Pr., 467.)

The respondent's counsel cites and relies upon the case of *Poppenhusen* v. *Seeley* (41 Barb., 450; affirmed, 3 Keyes, 150). That case is clearly distinguishable from this. There the condition of the undertaking was to pay, etc., if the judgment appealed from *should be affirmed*. The appeal was to the General Term on demurrer, and that court on the hearing ordered that the judgment be affirmed *except* that the appellant have leave to answer, etc. It was held that the affirmance was not *absolute*, and that until there was an absolute affirmance the undertaking could not be enforced.

*Hinckley* v. *Kreitz* (58 N. Y., 583) is also unlike this case. There an undertaking on appeal to the General Term was conditioned that the appellant will pay "all costs and damages which may be awarded against him on said appeal." The General Term having affirmed the judgment appealed from it was held that the liability of the sureties did not extend to the costs of an appeal subsequently taken by their principal to the Court of Appeals. That was a new appeal not covered by the undertaking.

We are of the opinion that the judgment should be reversed and a new trial ordered, costs to abide event.

HARDIN, J., concurred; HAIGHT, J., not sitting.

So ordered.