Sheldon *v.* Sabin.

---

GEORGE P. SHELDON, as Receiver of the firm of A. H. Mojarietta & Co., Respondent, *against* N. HENRY SABIN, Impleaded with Blakeslee Barnes, Appellant.

(Decided March 15th, 1883.)

A denial of allegations of a complaint in an answer verified by the defendant, which is stated to be made by him "either upon his own knowledge, or as not having any knowledge or information thereof sufficient to form a belief in respect to the same," is insufficient; it being impossible to distinguish the allegations denied upon knowledge from those denied from want of knowledge or information sufficient to form a belief.

An action having been fully tried at a trial term of the Marine Court of the city of New York, and the complaint dismissed and judgment entered for defendant, on appeal to the General Term of that court, upon consideration of the whole record, the judgment was reversed. *Held,* that

Sheldon v. Sabin.

an appeal to this court should not be decided upon an objection to the answer for insufficiency, as such a decision would deprive the defendant of the right to ask leave to amend, which he might have exercised had not the decision at the trial term been in his favor.

Upon appeal from an order denying a motion to vacate an attachment, the order was modified so as to deny the motion so far as it related to property sold on execution in the action, and to grant the motion and vacate the attachment as to property not sold on execution. *Held*, that an action on an undertaking given to procure the attachment, conditioned that if the warrant of attachment should be vacated, the plaintiff in the attachment suit would pay, &c., could not be sustained.

APPEAL from a judgment of the General Term of the Marine Court of the city of New York, reversing a judgment of that court entered upon a dismissal of the complaint at the trial.

The action was brought on an undertaking given by the defendants, upon the issuing of an attachment. The answer of the defendant Sabin admits the making, "and as to all the other allegations, this defendant denies the same either upon his own knowledge, or as not having any knowledge or information thereof sufficient to form a belief in respect to the same." The plaintiff's counsel at the trial moved for judgment on the pleadings upon the ground that the answer contained no denial of any material allegations of the complaint, and did not allege any affirmative defense. This motion was denied and exception taken. The *vacatur* of the attachment relied on by the plaintiff, is by an order of the General Term of the Supreme Court, entered upon appeal from an order of the Special Term denying a motion to vacate. The learned judge on the trial in the Marine Court dismissed the complaint, by an order granted after the jury had found a verdict for the plaintiff, decision of the motion to dismiss having been reserved.

The plaintiffs appealed from the judgment to the General Term of the Marine Court, where it was reversed, and judgment ordered upon the verdict. From this decision the defendant Sabin appealed to this court.

*Thomas Nelson*, for appellant.

*James L. Bishop*, for respondent.

BEACH, J.—[After stating the facts as above.]—An answer must contain "a general or specific denial of each material allegation of the complaint controverted by the defendant or of any knowledge or information thereof sufficient to form a belief" (Code Civ. Pro. § 500). The denial in this answer is not within the requirements of this rule. It is impossible to distinguish the allegations denied upon knowledge, from those denied from a want of knowledge or information sufficient to form a belief. The plaintiff would be entitled to relief, if the answer denied, from want of knowledge or information, facts stated in the complaint necessarily within defendant's knowledge. This would be avoided if this form of pleading was permitted. Again, this is a verified answer, and the policy of the law has been to prescribe a form of verification which will probe the conscience of the party. In this instance the defendant swears that the answer is true of his own knowledge, except as to those matters *therein stated* to be alleged on information and belief, and as to those matters he believes it to be true. These denials may be placed either upon knowledge, or a want of knowledge or information, as may suit the conscience of the party making the oath, or provide a defense upon an indictment for perjury.

The action was fully tried at the trial term and the case considered upon the whole record by the General Term of the Marine Court, making a like course here eminently proper. It would be impossible to decide the appeal upon an exception to the sufficiency of the answer, because affirming the judgment on that single question would deprive the defendant of the right to ask leave to amend which he might have exercised had not the decision at trial term been in his favor, and upheld his answer.

The motion to vacate the attachment was denied at Special Term. The apparent, but not needful provision, in the

Sheldon *v.* Sabin.

order of the General Term of the Supreme Court, gives rise to the contention, whether or not the attachment was there vacated. To answer the inquiry the order must alone be examined, and without enlarging its terms, because the defendant here impleaded is a surety, and his liability should not be extended, but is *strictissimi juris* (*McCloskey* v. *Cromwell,* 11 N. Y. 593).

The Special Term denied the motion to vacate the writ. Upon an appeal the order was not reversed and the attachment vacated, but was modified " to deny the said motion so far as it relates to the property actually sold on execution, and granting the same and vacating said warrant of attachment as to property not sold on execution."

The effect and action of the process was partially upheld by this order, as was part of the Special Term order denying the motion to vacate. Though this was because an execution had rendered the attachment useless, or *functus officio,* it does not avoid the fact of the writ not having been vacated in terms (*Drummond* v. *Husson,* 14 N. Y. 60; *Cheesebrough* v. *Agate,* 26 Barb. 603; *Poppenhusen* v. *Seeley,* 41 Barb. 450; S. C. 3 Keyes 150).

The judgment of the General Term should be reversed and a new trial ordered, with costs to appellant to abide the event.

CHARLES P. DALY, Ch. J., and VAN BRUNT, J., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.