recognizances, shall be made at the general term. The applications shall be upon affidavits and upon a notice of eight days to the district attorneys, and may be made returnable on any day of term during the sitting of the court. Pending such applications, a stay of proceedings upon any such judgment may be applied for at special term.

---

THE PEOPLE OF THE STATE OF NEW YORK *against* DENNIS HAGGERTY AND JAMES HAGGERTY.

A judgment against a surety, entered on a forfeited recognizance, will not be vacated on the ground that it was forfeited in violation of a verbal stipulation made by the district attorney or one of his assistants, with the counsel for the prisoner, to postpone the trial or to give him notice of it. Such stipulations will be enforced only when in writing, entered as orders or subscribed by the district attorney or his assistant.

APPLICATION to discharge a judgment entered on a forfeited recognizance.

The application was made on affidavits showing that the recognizance had been forfeited in violation of an oral promise made to the prisoner's counsel by the assistant district attorney to adjourn the trial, and that in reliance upon this promise the prisoner had not been in attendance in court when his case was called.

J. F. DALY, J.—Under the rule adopted by this court in *The People* v. *Coman* (*ante*, p. 52), and sanctioned by the authorities, the prisoner should stand his trial for the offense for which he was indicted, and be either convicted or acquitted before an application on the part of his surety to discharge the judgment entered upon the forfeited recognizance will be entertained. So far as the present application is based upon facts going to show that the prisoner's counsel was misled by an oral promise of the assistant district attorney to adjourn his trial, I am not disposed to make a precedent which opens the door for so many abuses. It was the duty of counsel to attend the court and have the case properly adjourned, or to have obtained the written consent of the district attorney, or his assistant, for such adjourn-

ment. In civil cases the rules provide that no private agreement or consent between parties or their attorneys in respect to the proceedings in a cause shall be binding, unless the same shall be reduced to the form of an order by consent, and entered ; or unless the evidence thereof shall be in writing subscribed by the attorney or counsel of the party against whom it is alleged (Rules of Supreme Court, No. 16). No less strict a practice should be pursued in criminal cases, especially in this city, where the business of the district attorney's office is very great, and is divided among several assistants.

I am, therefore, in favor of denying the application, with leave to renew (when the prisoner has been tried) upon proper and sufficient proofs.

DALY, Ch. J., and ROBINSON, J., concurred.

Ordered accordingly.