THE PEOPLE OF THE STATE OF NEW YORK *against* CHARLES DEVLIN.

[FIVE CASES.]

(Decided February 5th, 1877.)

Where the court of Oyer and Terminer at the time of making an order forfeiting a recognizance grants a certiorari, the writ stays all proceedings on the forfeited recognizance ; and where the writ with the order allowing it and the other papers constituting the record in such a case are filed with the county clerk, his proceedings are stayed, and a docket of judgment made by him at the time of such filing, is erroneous, and will, on application to the general term of this court, be discharged.

The jurisdiction of this court as to judgments upon forfeited recognizances, and the statutes upon the subject considered.  Per CHARLES P. DALY, Chief Justice.

APPLICATION at general term for an order to expunge dockets of judgments entered upon forfeited recognizances.

The applicant, Devlin, received notice to produce one William M. Tweed, a prisoner, at a court of Oyer and Terminer or to show cause why the recognizances in these five cases should not be estreated (he being the bondsman).  He appeared and showed cause why he did not produce the prisoner.  An order was made to estreat in each case, but simultaneously a certiorari was granted by the Supreme Court, the same judge who had held the Oyer and Terminer [Donohue, J.] granting it.

The orders of estreat and the certioraris were delivered to the clerk of the Oyer and Terminer at the same moment. The records upon the certioraris were made up and delivered to the clerk of the County of New York, as clerk of the general term of the Supreme Court where the certioraris were returnable.  He, finding among the records the orders of estreat and recognizances, docketed judgments upon them against Devlin.  The writs of certiorari were dismissed by the general term and a writ of error, with a stay, was granted to the Court of Appeals.  Pending the writ of error, Devlin, who desired to transfer real estate upon which the judgments were apparent liens, applied at special term of this court for an order expunging the dockets.  The motion was denied, with leave to renew at the general term, and thereupon this application was made.

*Dudley Field*, for applicant.

*B. K. Phelps*, district attorney, for the people.

CHARLES P. DALY, Chief Justice.—Prior to 1844, the judgment upon a forfeited recognizance was entered up, and was a judgment of the court where the forfeiture was ordered.  But, by the 8th section of the 4th article of the

act of May 7th, 1844, for the regulation of the police of this city, it was provided that recognizances on being forfeited should be filed by the district attorney, together with a certified copy of the order of the court, forfeiting the same, in the office of the clerk of the city and county of New York; and that thereupon the clerk should docket the same in the book kept by him for docketing judgments, as if the same were a transcript of a judgment record for the amount of the penalty and the recognizance; and that the certified copy of the order forfeiting the recognizance should be the judgment record. That such judgment should be a lien on the real estate of the person entering into the recognizance from the time of the filing of the papers and docketing the judgment, and that an execution might be issued to collect the amount of the recognizance, in the same form as upon a judgment recovered in this court in an action of debt, in favor of the people.

It was provided by the act of May 13th, 1845 (Laws of 1845, p. 250), that judgments so docketed with the county clerk, and the executions issued thereon, should be subject to the jurisdiction and control of this court in the same manner as if such judgments had been docketed in this court.

By the act of April 25th, 1861 (Laws of 1861, p. 781), it was declared that the 8th section of art. 4 of the act of 1844, before referred to, should continue in force in the city and county of New York, and by the 6th section of the act of April 12th, 1854 (Laws of 1854, p. 464), this court was, among other things, authorized to correct and discharge the docket of liens and of judgments entered upon forfeited recognizances.

Taking all these provisions together, I think we have full authority to correct any clerical error or mistake that may have been made by the clerk in erroneously docketing the judgment.

As respects the forfeiting of the recognizance, that is a matter exclusively for the court where the recognizance was taken. This was the rule of the common law. It was held

in *The King* v. *Tombs* (10 Mod. 278) that the judges of Oyer and Terminer are the proper judges to determine whether recognizances are to be estreated or spared ; that it is for the advantage of public justice that it should be in the power of the justices of Oyer and Terminer to .spare the recognizances, if upon the circumstances of the case they see fit, and there is nothing in the statutory provisions above referred to, changing the rule of the common law.

The object of the provisions in the acts of 1845 and 1854, making the judgment subject to the jurisdiction and control of this court, and authorizing us to correct and discharge the docket of the liens and of the judgment, was evidently to give the court, from which, by the previous act of 1844, the execution was to issue, power to correct any error or mistake respecting the judgment not involving the merits, this court having, since the act of April 21st, 1818, a power to remit the fine or forfeiture as a matter of grace and favor upon good cause shown, and upon such terms as were just and equitable, save in the cases afterwards excepted by the Revised Statutes. (1 R. S. p. 486, § 37.)

The recognizance in this case was, after a full hearing, ordered by the Court of Oyer and Terminer to be forfeited, but the court immediately thereupon, and before the docketing of that order by the county clerk, allowed a writ of certiorari, the service of which writ, and the order allowing it, operated as a stay of all further proceedings until the decision of the court of Oyer and Terminer was reviewed by the general term of the Supreme Court. (*Patchin* v. *Mayor*, *&c.* 13 Wend. 664 ; *Conover* v. *Devlin*, 5 Abb. Pr. 182.) All the papers having been filed with the county clerk, that a return might be made to the certiorari, he having the recognizance and the order of the Oyer and Terminer forfeiting it among the papers, erroneously docketed it as judgment, the papers not having been filed with him for that purpose, but that he might make the proper return to the writ of certiorari.

The court of Oyer and Terminer, by allowing the writ, stayed any further proceedings upon the order forfeiting the

The People v. Devlin.

recognizances. The judge who was presiding in the Oyer and Terminer, and who directed the recognizances to be forfeited, made the order allowing the writ of certiorari to issue; and when the writ of certiorari with the order allowing it was filed with the county clerk it was a service of the writ, and of the order allowing it, and operated as a stay of any further proceedings upon the forfeiture of the recognizance. The proceedings show that it was not the intention of the court that the judgment should be docketed in the manner provided by the act of 1844; for had the court so intended, it is to be presumed that it would have deferred the allowance of the writ of certiorari until after the judgment was docketed by the county clerk. It has in fact been doubted, if a qualification in the order allowing the writ, to the effect that it should not operate as a stay of proceedings, would even prevent its operating as a stay. (*Conover's Case*, 5 Abb. Pr. 190, 191.)

The affidavit of the defendant Devlin, in the present application, states that he owns a large amount of real property in the city of New York, and more than sufficient personal property to satisty the five judgments entered against him; that he made no attempt to have the entries of the county clerk creating those judgments erased from the docket until lately, because he understood that the certiorari was a stay of proceedings, and that the district attorney would take no steps to enforce the judgments; that he has, however, agreed lately to sell some property, and finds that the dockets made creates an apparent lien thereon, and that he cannot dispose of the property until the docket is erased.

We think that he is entitled to the relief asked; that the docketing of judgments in these five cases, by the clerk, was erroneous, all proceedings having been stayed by the allowance and service of the writ of certiorari, and that an order should be made, correcting the error, and discharging the docket of lien and of the judgment as improperly entered, without prejudice, however, or in any way affecting the forfeiture of the recognizance, or the right of the people there-

after to have the order of the Oyer and Terminer forfeiting it, and the recognizance, docketed as a judgment, in the manner provided by law, when the right to do so hereafter may exist.

ROBINSON and LARREMORE, JJ., concurred.

Ordered accordingly.