### FERGUSON v. ZELTNER et al.

(City Court of New York, General Term.    October 30, 1896.)

EVIDENCE—CONCLUSIVENESS.

> In a contest between the attorney of an accused held on extradition proceedings and persons attaching money deposited in place of bail for accused as belonging to accused, the attorney testified that he collected the money on an order from accused, that accused paid the same to him as a retainer, that he deposited it as bail, and that he secured through a lawyer whom he associated with himself in the case the withdrawal of a portion of the money, and permitted such lawyer to retain a portion thereof.    The attorney's testimony was corroborated by the testimony of accused.    *Held,* that the question of ownership of the money was for the jury.

Appeal from trial term.

Action by John S. Ferguson against Henry Zeltner and others. From a judgment entered on a verdict in favor of defendants, and from an order denying a motion for new trial, plaintiff appeals.    Affirmed.

Argued before VAN WYCK, C. J., and FITZSIMONS, J.

R. Burnham Moffatt, for appellant.

Edgar J. Lauer, for respondents.

VAN WYCK, C. J.    This action was originally against the sheriff, who had attached a fund deposited in the hands of the city chamberlain as bail for the release of a prisoner held under extradition proceedings for larceny, and is continued by substitution of the attaching creditors as defendants instead of the sheriff.    This fund of $3,000 was deposited by this plaintiff as bail on release of such prisoner, and the plaintiff's contention by his testimony was that, upon such prisoner's request, he came to New York as his counsel on November 28th, and on that day received from the prisoner a written order for $3,000 on one Martin, who was indebted to the prisoner in that sum, and collected such sum from Martin, and, on depositing the $3,000 as bail, secured the prisoner's release on the same day. The plaintiff testified that this $3,000 was paid to him as a general retainer by the prisoner, hence was his property, and as such deposited by him as bail, and was not subject to an attachment in an action by these defendants against the prisoner.    The only testimony on behalf of plaintiff was his own and that of such prisoner, both taken by commission at Pittsburg, Pa., and read on trial.    It appears that plaintiff, by the same New York counsel who defended the prisoner, secured a withdrawal of $1,250 of this $3,000 because defendant's attachment was only for $1,750, and such counsel retained $1,000 of this $1,250 for his fee for defending the prisoner; the plaintiff, however, testifying that he permitted this because he had retained such counsel for the prisoner.    The defendants, of course, could offer no proof as to the ownership of the fund, and, the plaintiff not requesting the direction of a verdict in his favor, the case was submitted to the jury, on the testimony of plaintiff and the prisoner, for the determination of the question of ownership of the fund; and their verdict for defendants was a finding that the prisoner, and not his counsel (the plaintiff), owned the $3,000 when it was deposited in lieu of bail to secure his release from custody.    There is not an exception by appellant in the case, except to the denial of his motion for new trial.    This was a proper case to submit to the jury, and their verdict will not be disturbed.

Judgment and order affirmed, with costs.