(36 App. Div. 60.)
PEOPLE v. RICH et al.

(Supreme Court, Appellate Division, First Department. December 30, 1898.)

1. RECOGNIZANCE—FORFEITURE.

An instrument the caption of which is, "At a Court of General Sessions of the Peace, Holden in and for the City and County of New York. * * * Present, * * * M., judge of said court of the city of New York, justice of the sessions. The people * * * against R., on complaint for arson," and which recites, "The defendant not appearing, and F., his surety, not bringing him forth, * * * it is ordered by the court that the said recognizance be, and the same is hereby, forfeited. And it is further ordered that the said recognizance, together with this certificate of forfeiture, be filed in the office of the clerk of the city and county of New York, and that the judgment be entered thereon. * * * [Signed] M., Judge of the Court of General Sessions,"—is the certificate and act of the judge in his capacity as magistrate, and not an order of the court of general sessions.

2. SAME—VACATION.

Surety on a recognizance, who has paid the amount of the bond on escape of the principal, is not entitled to return thereof, on death of the latter while free.

Appeal from court of general sessions, New York county.

Recognizance of Carlos E. Rich, principal, and Aaron A. Fishel, surety, was forfeited. Said surety moves to vacate the forfeiture, which being denied, he appeals. Affirmed.

The order or certificate of forfeiture is as follows:

"At a Court of General Sessions of the Peace, Holden in and for the City and County of New York, at the City Hall of the Said City, on Thursday, the 3d Day of January, in the Year of Our Lord One Thousand Eight Hundred and Ninety-Four. Present, the Honorable Randolph B. Martine, judge of said court of the city of New York, justice of the sessions.

"The People of the State of New York against Carlos E. Rich. On Complaint for Arson.

"The defendant not appearing, and Aaron A. Fishel, his surety, not bringing him forth to answer to this charge, pursuant to the condition of their recognizance, on motion of the district attorney, it is ordered by the court that the said recognizance be, and the same is hereby, forfeited. And it is further ordered that the said recognizance, together with this certificate of forfeiture, be filed in the office of the clerk of the city and county of New York, and that judgment be entered thereon, according to law, against the said Carlos E. Rich, the defendant above named, and the said Aaron A. Fishel, his surety, for the several sums set forth in said recognizance.

"Randolph B. Martine,
"Judge of the Court of General Sessions."

The opinion of the recorder is as follows:

"The petitioner proceeds on an erroneous theory when he contends that the court of general sessions had no jurisdiction to forfeit the recognizance taken by one of its judges as a magistrate. A careful examination of the certificate shows that it was not the order of the court, but the certificate of Judge Martine. While the caption and some words in the body of the instrument support the contention, yet the essential element of an order of court is lacking. It was not entered as an order, nor did it become part of the court's records; and the certificate, taken in its entirety, shows that it was intended as the act of Judge Martine, in his capacity as a magistrate, and not as an order of the court of general sessions. As to his power to make such certificate I have no doubt. On the merits, there is no doubt but the petitioner has met with great hardships, and, were it proper, he should be relieved;

but it must be borne in mind that he took the principal from the custody of the people, and assumed control of him. Had he not done so, the people would have had the body of the principal; but the petitioner, by taking him away, afforded him an opportunity to escape, which he took advantage of. To take a person accused of crime from the custody of the people, give him an opportunity to escape, and, after some years of freedom, to die in a foreign country; and then, after having paid the amount of the bond, petition for its return,—is not, in my opinion, a proper case for the exercise of discretion. The case of People v. Wissig, 7 Daly, 23, differs from this case on the facts. Motion denied."

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Edward W. S. Johnston, for appellant.
Charles E. Le Barbier, for the People.

PER CURIAM. Order affirmed, on the opinion of the recorder in the court below.

(37 App. Div. 539.)

MARKS v. ENGLUND.

(Supreme Court, Appellate Division, First Department. February 24, 1899.)

SALES—NONPERFORMANCE—NECESSITY OF DEMAND.
　　Where the consideration for a sale was the payment by the buyer of certain of the seller's debts, a demand for performance is not necessary to give the seller a right of action for breach of the contract.

Appeal from trial term, New York county.

Action by Jacob Marks, as receiver of Albin Wibom, against Charles Englund. From a judgment for defendant entered upon a directed verdict, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

G. Hahn, for appellant.

VAN BRUNT, P. J. This action was brought by the plaintiff, as receiver of Albin Wibom, appointed in supplementary proceedings. The complaint alleged the due appointment of the plaintiff as such receiver, and that in May, 1896, the judgment debtor was the owner of a certain restaurant and hotel business situate at Sixty-Sixth street and Lexington avenue; that in said month he executed and delivered to the defendant a bill of sale transferring said hotel and restaurant business to the defendant for the alleged consideration of $10,000; and that it was agreed that said consideration should be paid as follows: That the defendant should cancel an alleged indebtedness of Wibom to him, amounting to $1,500; that $8,000 should be paid by the execution and delivery of a mortgage for that amount by the defendant to the wife of the judgment debtor, such mortgage to cover the said restaurant and hotel business and the contents thereof; and that the defendant should pay the remaining $1,500 by satisfying and paying certain debts and liabilities then owing by the judgment debtor, amounting to $1,500. The complaint