NEW YORK,
May, 1827.

The People
v.
Winchell.

*THE PEOPLE *against* WINCHELL.

Proceedings on the defendant's removing his indictment for a misdemeanor by certiorari.

THE defendant was indicted for perjury at the general sessions of Oneida, June 12th, 1826; and entered into recognizance before that court, to appear at the next court of oyer and terminer. At the next sessions, September 11th, 1826, he removed the cause into this court by a writ of certiorari, returnable the 3d Monday of October last. This writ was allowed by a commissioner to perform the chamber duties of a judge of this court, September 7th, 1826. At the time of serving the certiorari, the defendant presented to the sessions, and filed with their clerk, a recognizance with two sureties, entered into before the commissioner on the 7th September, the day of allowing the writ, in the penalty of $125; reciting the finding of the indictment, and that Winchell was desirous of removing it to this court by certiorari; and conditioned that if he should, at the return thereof, appear and plead to the indictment in the supreme court, and at his proper costs and charges, cause the issue which should be joined thereon, or on any plea relating thereto, to be tried at the circuit court to be held in the county of Oneida, next after the certiorari should be returnable, and should give due notice of trial to the prosecutor or his attorney; and should appear from day to day in the supreme court; and not depart from the same without being discharged by that court; and should pay to the prosecutor the costs, if any, which should be ordered by that court in pursuance of the act in such case made and provided, then, &c.

*Construction of the terms of his recognizance upon the statute, 1 R. L. 141, s. 4.*

*Both parties should go to trial according to the terms of the recognizance, of course; and whether the defendant give notice or not.*

*No rule need be taken on the part of the people.*

*A defendant omitted to appear and try at the circuit, because he could not procure certain material testimony. On motion to estreat his recognizance, ordered that the motion be granted, unless within thirty days, he should give a new recognizance to appear and try at the next circuit.*

*Whether the first recognizance continued in force?*

*Quære.*

The sessions returned to the certiorari and filed their return with the clerk of this court; and at the October term, the defendant, by his attorney, appeared and pleaded not guilty. The district attorney then gave notice of trial for the next Oneida circuit to the defendant's attorney. This circuit was held April 2d, 1827. On the 21st of March, the defendant's attorney gave notice to the district attorney,

[*161] .    *that the defendant did not mean to be tried at the next

circuit; and insisting that it was the business of the defendant to notice the cause for trial; and that the district attorney had no right to do this. The district attorney then served a notice on the defendant's attorney, that he should attempt to bring on the cause at the circuit, though the defendant had not noticed it. Before these notices passed, numerous witnesses had been subpœnæd for the people, a *nisi prius* record made up, and a venire issued; and the cause placed on the calendar.

On the first day of the circuit, the district attorney moved the judge to assign a day for the trial; but the defendant's attorney declared that he had determined not to bring the indictment to trial at that circuit pursuant to his recognizance; and insisted (and so the judge decided) that the district attorney had no right to carry down the issue for trial; and bring it on to be tried. The judge also declared that the defendant having neglected to try, it was proper that the question should be presented to the supreme court, whether the defendant and his sureties had not forfeited their recognizance. That he, the judge, had no control over the cause. The defendant had taken no steps to try the cause.

On these facts,

*H. Denio,* (district attorney,) now moved that the recognizance be declared forfeited; and that it be estreated for prosecution in the court of common pleas; or that the indictment be remitted to the sessions; or that this court would appoint the trial for the next circuit; or for such other rule, &c.

*G. C. Bronson,* contra, read affidavits showing that the defendant could not have safely proceeded to trial at the circuit for want of his witnesses, whom he had used due diligence to procure. That the defendant's counsel stated to the circuit judge, that he had a good excuse for not trying.

*\*Denio,* in support of the motion. The common pleas,

NEW YORK, by the late statute, (Laws of 1816, sess. 41, ch. 283, s. 8,
May, 1827. p. 307,) has the same power as to the collection of fines and
The People recognizances as the court of exchequer.
v.
Winchell. The defendant entered into a recognizance to appear at
the circuit, absolutely and unconditionally. The particu-
lar day is fixed and made certain by the appointment of,
and holding a circuit. The default was not only in omit-
ting to appear and try; but not a single step was taken by
the defendant towards it.

The recognizance being forfeited, if it shall be declared
so, and estreated by this court, they will send the indict-
ment back to the sessions to be proceeded upon. (1 Chit.
Cr. L. 397; Hand's Pr. 39.) The defendant is no longer
holden to appear in this court, or at the circuit.

If the court should refuse to declare the recognizance
forfeited, we then move for a rule that the next circuit be
appointed as the time of trial.

*Bronson*, contra. The statute, (1 R. L. 141, s. 4,) is that
the defendant, on removing the indictment, shall enter into
a recognizance to appear at the next term of the supreme
court, and plead and give notice, and try the issue at the
next circuit. The English statue is the same as ours. (1
Chit. Cr. L. 383.) The 9th chapter of this volume gives
the practice upon the removal of causes by certiorari, at
large.

The indictment has been regularly removed; and goes
down on the civil side. And the mode of compelling the
defendant to try pursuant to his recognizance, is, to take a
rule for the purpose, and serve it. If this be not done, the
recognizance will not be considered as forfeited. (1 Chit.
Cr. L. 397, 398, and the cases there cited.)

Independent of the rule of law, the defendant's affidavits
show an abundant excuse for not trying at the last circuit.

The motion should be denied, with costs to be paid by
the prosecutor. He is liable for costs as in a civil action.
(1 Chit. Cr. L. 398.)

[*163]          *Denio* replied, that the argument for the defendant was

not borne out by the cases. Chitty, 398, refers to Hawkins, who cites 1 Salk. 370, 193, and Str. 946. It is doubtful whether *Rex* v. *Ball*, the case relied on from Salkeld, proceeded upon the statute from which ours was taken. It was decided in 5 W. & M. the very year in which the statute passed. It was probably upon a recognizance at common law. The other places referred to as in Salkeld and Strange do not bear on the question. Most likely the recognizance in *Rex* v. *Ball* did not contain the condition to try at the next assizes; but only with due diligence. This is apparent from the illustration given by the court: " So if one gives a recognizance to prosecute a writ of error with effect, the defendant must give rules, and non-suit the plaintiff." In *Rex* v. *Lyon*, 3 Burr. 1461, the recognizance was under the statute, to appear and plead at the next term, and to give notice of trial ; and go to trial in or at the sittings after such next term, unless the court should otherwise direct. The defendant neither gave notice of, nor went to trial. The recognizance was holden to be forfeited ; evidently on the ground that it was not complied with, in its terms; for nothing is said in the case about giving rules.

But if there be any such practice in England, it has never been followed in this state; and being wholly without reason and good sense, the court will not adopt it. This recognizance has not the words required both by the English statute and ours; to try at such other time as the court shall appoint. It is confined to but one circuit ; the next after the term. A rule could not, therefore, make the time more certain. The recognizance is valid, though not within the words of the act. 1 Chit. Cr. L. 385.

*Curia.* The English practice is spoken of, in their books, as well settled under this statute. The recognizance cannot be forfeited, unless rules to try are taken against the defendant. He is then bound to give notice of trial. But our practice is different. The defendant is *obliged to proceed to trial at the circuit of course, without waiting for any rule, either to be entered in the common rule book, or

[*164]

made on motion in court. He must go down, upon the terms of his recognizance, to the next circuit; and the cause must there be heard in the ordinary way, as criminal causes are at the oyer and terminer. The time of the circuit is made public; and the defendant must take notice of it at his peril. The district attorney may also go to the circuit prepared, though he receive no notice.

Such being the practice, this recognizance is forfeited; and liable to be estreated. But the defendant shows such cause against it, as would have warranted the judge in postponing the trial. Under the circumstances, let the motion to estreat be taken, unless the defendant renew his recognizance to try at the next circuit in 30 days.

*Bronson* suggested, that according to the English practice, the old recognizance continued in force, till the cause should be actually tried.

SUTHERLAND, J. There is some doubt of this upon our practice.[1]

Rule accordingly.

[1] The New York Revised Statutes provide that, every person against whom an indictment shall be pending in a court of sessions, may apply to any justice of the supreme court, for an order to remove such indictment to the court of oyer and terminer of the county in which the same was found. Such application shall set forth a copy of the indictment, or the substance thereof; the time when it was found; the proceedings thereon, if any, and the facts and circumstances rendering a removal thereof expedient; and shall be verified by affidavit. Such officer shall grant an order that the indictment be removed to, and tried at the next court of oyer and terminer to be held in the county where the same was found, unless it appears that the application was not made in due season, or that such removal will produce any injurious delay, or in any way tend to prevent a due prosecution of such indictment. And the officer must take a recognizance from the defendant (if he is not in custody) to appear at the oyer and terminer.

No such order for the removal of an indictment shall be effectual, in the case of any defendant not being in actual confinement, unless such a recognizance be delivered at the same time with such order, and be filed with the clerk of the court; nor unless such order be delivered before any judgment rendered on any such indictment, and before any juror shall be sworn to try it.

No *certiorari* to remove an indictment from a court of sessions to the supreme court or to any court of oyer and terminer, before trial thereon, can

be allowed.  And no *certiorari* to remove into the supreme court any indict- NEW YORK,
ment pending in a court of oyer and terminer, before trial thereon, is effectual ___May, 1827.___
unless allowed by a justice of the supreme court; and no other officer has  Wakeman
any power to allow such writ.                                                    v.
                                                                            Sprague.

The officer allowing a *certiorari* to remove an indictment from a court of
oyer and terminer is to take the defendant's recognizance, with sureties, to
appear at the return day of the *certiorari*, in the supreme court, and plead to
such indictment, if issue is not already joined; and not depart such court
without its leave; and to obey the orders and rules of such court, in respect
to the trial of such indictment, and the judgment and all other proceedings
thereon.

Every indictment so removed is to be carried down for trial at the proper
circuit court, by the district attorney of the county in which the same was
found, in the same manner in all respects as issues joined in the supreme
court in civil cases, and the same proceedings, so far as applicable, are to be
had thereon.   2 R. S. 731 to 733.

Since the adoption of the new constitution, the courts of general sessions
of the peace have ceased to exist; but the above provisions of the revised
statutes apply to the *courts of sessions*, which have been substituted in the
place of the former courts.   Const. of 1846, art. 6, § 14;  Laws of 1847, p.
332, § 44.   Barb. Cr. Law, p. 350, 351.