# N. Y. COMMON PLEAS.

## THE PEOPLE agt. WILLIAM R. WELCH, surety, &c.

*Error in date of recognizance — not affecting surety.*

An error in a recognizance entered into in December, 1873, in describing the next term of the court of general sessions as one to be held on the first Monday of January, 1873, instead of 1874, was a mistake which could mislead no one, and especially not the surety. The year 1873 inserted after January might be regarded as surplusage.

*Special Term, May,* 1874.

THIS was a motion to set aside a judgment entered upon a forfeited recognizance, with ten dollars costs.

*Mr. O'Brien,* for the motion.

*G. W. Lyon,* assistant district attorney, opposed.

ROBINSON, *J.*—The condition of the recognizance entered into in December, 1873, was not, as untruly sworn to by the petitioner, that the person accused should appear to answer any indictment that might be found against him on a charge of felonious assault and battery, "at a court of general sessions to be held on the first Monday of January, 1873," but was to appear at the next court of general sessions of the peace, to be held in said city and county on the first Monday of January, 1873. Petitioner's affidavit to the contrary, with the recognizance before him, was clear perjury.

The error in the recognizance entered into in December,

People agt. Welch.

1873, was in describing the next term of. the court of general sessions as one to be held on the first Monday of January, 1873. The blunder in the recognizance, inserting 1873 instead of 1874, was one that could mislead no one, and to give it any such construction would be in abnegation of common sense — a technical mistake, recognizable. by every one possessed of common sense, into a matter of substance. A mere casuist might claim protection from such accidental variance or omission, but no court claiming the prerogative of common sense could acquiesce in it.

VAN BRUNT, J. — On the 17th day of December, 1873, Abraham R. Welch became the surety for the appearance of Thomas W. Hunter at the court of general sessions.

The condition of the recognizance was: That if the above named Thomas W. Hunter should personally appear at the next court of general sessions of the peace, to be held in the said city and county on the first Monday of January, 1873, to answer any indictment, &c., then this recognizance to be void.

It is claimed that because the year 1873 was inserted that the condition of the recognizance became impossible of performance, and therefore could not be forfeited. There is no pretense that anybody was misled by the insertion of the year 1873.

The recognizance was for the appearance of Hunter at the next court of general sessions, which could only be held on the first Monday of January, 1874, and this the surety knew at the time of executing the recognizance, and undoubtedly supposed that such was its condition.

Under these circumstances the year 1873 may be regarded as surplusage.

The construction of the recognizance comes under the rule which has governed the construction of notices of trial when there has been a manifest mistake in the year, and where it is apparent that no such person was misled thereby.

People agt. Welch.

It also comes under the rule which has governed the liabilities of an indorser upon a promissory note, in which a mistake has been made in the date, whereby, upon its face, it became due before it was made; when such a note has been duly protested on the day when it was intended to become due, indorsers have always been held liable.

Motion denied.