## PEOPLE *v.* ROFRANO *et al.*

*(Common Pleas of New York City and County, General Term.* April 7, 1890.)

1. BAIL-BOND—FORFEITURE—VACATION.

An application to vacate a judgment upon a forfeited bail-bond must be denied, when it is not accompanied by the certificate of the district attorney that the accused has been produced, and there is no evidence that the costs included in the judgment and the expenses incurred in the recapture have been paid, according to the requirements of Laws N. Y. 1882, c. 410, § 1482.

2. SAME—COMPROMISE.

A judgment was rendered on a forfeited bail-bond, and an execution thereon returned wholly unsatisfied. The debtor then made application to have the judgment vacated, pleading insolvency, and offering to pay 20 per centum on the amount. *Held,* there is no law authorizing the common pleas court to entertain the application.

Application for the remission of a forfeited recognizance wherein Antonio Grasson was principal and Michael Rofrano surety.

Argued before LARREMORE, C. J., and BISCHOFF, J.

*Henry W. Unger,* for applicant. *John R. Fellows,* Dist. Atty., for the People.

BISCHOFF, J. On June 20, 1888, Grasson was indicted by the grand jury of this county on a charge of abduction, and held to bail in the sum of $2,000, such bail being given by the petitioner. On July 2d, the indictment was brought on for trial, and upon the failure of the accused to appear the bail was declared forfeited. On July 26th judgment upon such forfeiture was entered against petitioner, and execution against the property of the judgment debtor was issued on the same day. This execution was subsequently returned wholly unsatisfied. Since the forfeiture and entry of judgment thereon the accused has not been surrendered or brought to trial, and his whereabouts appear to be unknown. Upon this state of facts, accompanied by an allegation of his insolvency and an offer to pay 20 per centum of the amount of the judgment in compromise, the petitioner asks that the forfeiture of the recognizance be remitted, and the judgment entered thereon vacated. The application is

not accompanied by the certificate of the district attorney that, by reason of the subsequent production of the principal, the people have lost no rights, and are in as good a position to prosecute as they were when the forfeiture occurred. Neither does it appear that the costs included in the judgment, or the expenses incurred in the apprehension or recapture of the principal, have been paid. Indeed, the facts prevent the giving of such certificate and proof, and, in the absence of proof of these facts, this application must be denied. See section 1482, c. 410, Laws 1882, (Consolidation Act.) While this application is ostensibly for an order directing the remission of a forfeited recognizance, the facts presented manifestly transform it into an application for an order directing the compromise of a claim which is conceded to be valid and subsisting in favor of the people, and there is no provision of law authorizing this court to entertain such an application. Neither do the facts show any merit in favor of the petitioner. The recognizance was entered into June 20th, and forfeited July 2d. On July 26th judgment was entered and execution issued thereon on the same day. This execution was subsequently returned wholly unsatisfied. All this occurred within 36 days, and it seems incredible, in the absence of explanatory facts, that within this short period the petitioner should have been reduced from apparent prosperity to complete insolvency. He must have represented, upon entering into the recognizance, that he was worth the sum mentioned therein over and above all debts and liabilities and property exempt by law from execution, and was therefore palpably guilty of fraud at that time, or has since so effectually secreted his property that the people of the state of New York have been fraudulently prevented from realizing even a fractional part of their just claim. Application denied.