## PEOPLE *v.* COHEN.

(*Common Pleas of New York City and County, General Term.* April 20, 1891.)

BAIL—JUDGMENT ON FORFEITED RECOGNIZANCE—VACATION.

An application to vacate a judgment on a forfeited recognizance cannot be granted without the certificate of the district attorney, required by Laws N. Y. 1882, c. 410, § 1482, that the people have lost no rights by reason of the failure of the surety to produce the principal, and that, by reason of the principal being produced, the people are in as good a position to prosecute him as when such failure occurred.

Motion to vacate judgment on a forfeited recognizance against Nathan Cohen, as surety. Laws N. Y. 1882, c. 410, § 1482, provides: "The court of common pleas, upon the certificate of the district attorney that the people of the state of New York have lost no rights by reason of the failure of a surety to produce a principal in compliance with the terms of a recognizance given by them, and that, by reason of the principal being produced, the said people of the state of New York are in as good a position to prosecute said principal as when such failure occurred, may, upon such terms as are just, by order, vacate and set aside any judgment heretofore entered, or that may be hereafter entered, upon the forfeiture of such recognizance, against such principal or surety, or either of them, on payment to the chamberlain of all costs included in such judgment, and of all expenses incurred in the apprehension or recapture of such principal."

Argued before ALLEN, P. J., and BISCHOFF, Jr., and PRYOR, JJ.

*De Lancey Nicoll*, for the People. *Goldfogle & Cohn*, for defendant.

PER CURIAM. This application cannot be entertained, for the reason that the petitioner has failed to submit the certificate and consent required by section 1482, c. 410, Laws 1882, and section 352, Code Civil Proc. See *People v. Lasher*, 11 N. Y. Supp. 711.