### PEOPLE v. MAHONEY et al.

(Supreme Court, Special Term, New York County. April 3, 1903.)

1. RECOGNIZANCE—EXONERATING SURETY—SURRENDERING PRISONER.

A surety on a recognizance, not having followed the course to exonerate himself prescribed by Code Cr. Proc. § 590, providing for a formal proceeding and indisputable evidence, has the burden of establishing by other evidence that the prisoner was surrendered into the custody of an officer authorized to receive him.

2. SAME—VACATING FORFEITURE—EVIDENCE.

Evidence on a motion to vacate a judgment forfeiting a recognizance *held* insufficient to show that the prisoner was surrendered into the custody of an officer authorized to receive him.

Proceeding by the people against John Mahoney, surety, and Pietro Sorrentino, principal, on a recognizance. The surety moves to vacate and set aside a judgment forfeiting the recognizance. Motion denied.

Cæsar B. F. Barra, for the motion.

William Travers Jerome, Dist. Atty. (Karl R. Miner, of counsel), opposed.

GIEGERICH, J. This is a motion to vacate and set aside a judgment heretofore entered against John Mahoney, as surety, and Pietro Sorrentino, as principal, upon a forfeited recognizance. The surety now claims that the judgment was unfounded, he having surrendered the prisoner to the proper officers. A motion for the same relief was made before me several months ago, and is now renewed on additional affidavits. In support of the former application it was, among

other things, alleged in the moving papers that on the 7th day of January, 1902, the surety, together with the accused, who was under indictment for manslaughter in the first degree, appeared at the Criminal Term of the Supreme Court, to which the case had been transferred for trial. It was also stated that the accused was brought up to the bar of the court, and his counsel said: "Here is Sorrentino. His bondsman surrenders him;" that the accused was duly committed by the court, as appears by a certified copy of the indictment, and the indorsement of the commitment thereupon, and a copy of the minutes of the court, and that thereupon a clerk, who was present from the office of the surety's attorneys, supposing that he had done everything necessary for the surrender of the prisoner, left the courtroom, and did not afterward see him. The present motion is based principally upon the affidavits of one Frank Barra, an uncle of one of the attorneys for the surety, and one Francesco Sorrentino, the defendant's father. It is averred in the former that he (Barra) was present on the occasion, and saw the prisoner led by an officer toward the prison pen, and that later in the day he went with the prisoner's father, and asked permission of an officer in that part of the court to see the prisoner; that the privilege was granted them; that he saw the prisoner in the pen, and said to his father, "Speak to him, and I will await you outside," and that about ten minutes afterward the father came out of the room where the prison pen is situated. This is corroborated by the defendant's father, who further adds that he left his son in the prison pen, and has not seen him since, and has not heard of his whereabouts. In opposition to the motion, the clerk in charge of the Criminal Term at the time says that the surety's attorney appeared in court on the day in question, accompanied by a man who, he announced, was the defendant, his exact words being, "Here is Sorrentino;" that he thereupon walked out of the room, and that the deponent did not know whether Sorrentino went with him or not; that he filled out the commitment blank, which he placed with the other papers to be delivered to the warden of the city prison at the adjournment of court, and also made an entry upon the clerk's minutes to the effect that Sorrentino had been called to the bar, and, on motion of the district attorney, had been committed to the custody of the keeper of the city prison; that this entry and the blank commitment were made by him for the reason that he supposed Sorrentino had surrendered himself into the custody of some officer who had authority to commit him to the custody of the warden. It further appears from the affidavit of the assistant district attorney in charge of the prosecutions in that branch of the court that he was present all day from the opening of the court to the adjournment; that he knows nothing of any surrender or commitment of Sorrentino, and made no motion for his commitment, and never saw him surrendered, and knows nothing of any proceeding in the case of the people against him on that day. The deputy assistant district attorney who assisted in that part of the court makes a similar affidavit. It also appears from the affidavit of the prison guard who was in charge of the prison pen on the day in question that no prisoner of the name of Sorrentino was committed to his custody, or to the custody of any other officer con-

nected with or in charge of the prison pen; that he gave no permission on that day to any person of the name of Sorrentino to see any prisoner in said prison pen—and further states that no persons other than court officers, or officials connected with the court, were allowed to see prisoners confined in the prison pen without the express order of the court; that these pens are used solely for the purpose of confining prisoners who are awaiting trial on the calendar for a particular day; and that a person surrendered before the court is not held in the prison pen, but is immediately taken to the city prison.

The method by which a surety may become exonerated of his liability upon his undertaking is prescribed by section 590 of the Code of Criminal Procedure, as follows:

"At any time before the forfeiture of the undertaking, any surety may surrender the defendant in his exoneration, or the defendant may surrender himself, to the officer to whose custody he was committed at the time of giving bail, in the following manner: (1) A certified copy of the undertaking of the bail must be delivered to the officer, who must detain the defendant in his custody thereon, as upon a commitment, and by a certificate in writing acknowledge the surrender. (2) Upon the undertaking and the certificate of the officer, the court in which the indictment or appeal, as the case may be, is pending, may, upon a notice of five days to the district attorney of the county, with a copy of the undertaking and certificate, order that the bail be exonerated; and on filing the order and the papers used on the application, the bail is exonerated accordingly."

It is not pretended that the steps here provided for were taken in the present case. On the contrary, in addition to the facts above stated, it affirmatively appears by the opposing affidavits that no certified copy of the undertaking of the bail was procured, and that no certificate of the warden of the city prison acknowledging the surrender of Sorrentino has been filed either in the Criminal Term of the Supreme Court or in the Court of General Sessions of the Peace, nor has there been filed the order of either of the said courts exonerating the surety herein, or any of the other papers required by the above section. It is not necessary to hold in this case that, in order to procure his exoneration, a surety must follow the precise course indicated by the statute, but if he does not do so, or at any rate substantially comply with those requirements, he departs from the prescribed course at his peril. The statute wisely provides for a formal proceeding and indisputable evidence. If a surety neglects to avail himself of this method, he assumes the burden of establishing by other evidence that the prisoner was surrendered into the custody of an officer properly authorized to receive him. This burden I do not think the applicant has sustained in this case.

Motion denied, with $10 costs.