# SUPREME COURT—APPELLATE DIVISION—FIRST DEPARTMENT,

## November 5, 1915.

## THE PEOPLE v. JACOB LEVY.

(169 App. Div. 571.)

BOND—WHEN JUDGMENT UPON FORFEITED RECOGNIZANCE MAY BE VACATED AND CASH BAIL ORDERED RETURNED.

Upon an application to vacate a judgment entered upon a forfeited recognizance, and to compel the return of the cash bail applied to the payment of said judgment, the applicant, in the absence of the certificate of the district attorney that the People have lost no rights by reason of the failure of the surety to produce his principal, must affirmatively show such fact.

The mere fact that after a fugitive is captured or surrenders, he is acquitted upon trial, does not of itself prove that the People lost nothing.

After a judgment entered upon a forfeited recognizance has been collected or cash bail has been paid over to the comptroller in satisfaction of the judgment and mingled with the city's funds, it cannot summarily be ordered to be paid back.

Hence, where an accused person after being released upon a cash bail failed to appear and the bail was forfeited, and the amount thereof turned over to the city comptroller and the accused thereafter surrendered himself, and the complaining witness so modified his testimony that a discharge was granted, an application by the surety to recover the amount of the cash bail should not be granted, where it does not satisfactorily appear that the People lost nothing by the failure of the accused to appear.

APPEAL by the plaintiff, The People of the State of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of June, 1915, vacating a judgment entered upon a forfeited recognizance, and directing

the return of the cash bail applied to the payment of said judgment.

*Robert S. Johnstone, Assistant District Attorney,* for the appellant.

*Elias Rosenthal,* for the respondent.

SCOTT, J.:

Jacob Levy was arrested by a railroad policeman at the Grand Central Station in the city of New York, and was arraigned before a city magistrate charged with disorderly conduct and an attempt at pocket picking. He applied for an adjournment and one Henry Knoch became his surety, depositing $1,000 in cash as bail. On the adjourned day Levy applied for a further adjournment which the magistrate granted only until two o'clock of the same day. At that time Levy failed to appear, his bail was forfeited and a judgment entered, whereupon the chamberlain with whom the bail had 'been deposited turned it over to the comptroller in satisfaction of the judgment. Some days later Levy surrendered himself in the Magistrate's Court. The officer who had made the complaint opportunely appeared in court at the same time, although it does not appear that he had been subpœnaed by the People, and on being called so modified his testimony against Levy that the magistrate felt bound to discharge him, not, however, without significant warning to keep away from the Grand Central Station on football days.

Thereupon an application was made to a justice of the Supreme Court on behalf of Knoch that the judgment of forfeiture be vacated and the comptroller ordered to return the cash applied to the satisfaction of the judgment. On the first application the justice denied the motion unless the district attorney should certify that the People had lost no rights by

reason of the forfeiture. The district attorney refused to make such a certificate whereupon the application was again made to the same justice, who unconditionally granted the motion by the order now appealed from.

The respondent, of course, relies on the often cited case of Matter of Sayles (84 App. Div. 210), which is relied on as holding that, under section 1482 of the Consolidation Act (Laws of 1882, chap. 410), the procurement and presentation to the court of the certificate of the district attorney that the People have lost no rights by reason of the failure of a surety to produce his principal, is not a condition precedent to the right of a surety to have the judgment vacated and the forfeiture remitted, but was a mere provision relating to evidence. In point of fact the case cited is not an authority for the doctrine attributed to it, which was not necessary to the decision and merely expressed the opinion of the learned justice who wrote.

Whether that dictum should be followed will be determined when the necessity for considering the question arises. For the present it is sufficient to lay down these rules: *First*, that in the absence of such a certificate the applicant must affirmatively show that the People, in fact, lost nothing by the surety's failure to produce his principal; *second*, that the mere fact that after a fugitive is captured or surrenders, he is acquitted upon trial does not of itself prove that the People lost nothing; *third*, that after a judgment has been collected, or cash bail has been paid over to the comptroller in satisfaction of the judgment and mingled with the city's funds, it cannot be summarily ordered to be paid back. This is really what was decided in the Sayles case.

In the present case it by no means satisfactorily appears that the People lost nothing by Levy's absconding. On the contrary, there is strong ground for the suspicion that his absence may have had much to do with the amelioration of the testi-

mony of the complaining witness.   The order appealed from is reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

INGRAHAM, P. J., LAUGHLIN, CLARKE and DOWLING, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

---

## NOTE ON BAIL.

### Right to Admission to Bail.

Admission to bail in case of a felony is not a matter of right, but rests in the discretion of the court; bail will be refused where the defendant in addition to a plea of not guilty, has interposed a plea of present insanity. People v. Watson, 14 Misc. 430; s. c. 35 N. Y. Supp. 852.

The denial of a defendant's privilege to give bail before a magistrate in the county of his arrest, does not affect the validity of his subsequent trial and conviction.   People v. Eberspacher, 79 Hun, 410; s. c. 61 St. Rep. 501.

In a capital case, a prisoner committed by a regular inquisition of a coroner's jury, will not be admitted to bail, it appearing that there was probable cause for charging him with the crime.   People v. Collins, 20 How. Pr. 111; s. c. 11 Abb. Pr. 406.

It is not a matter of course, to bail a prisoner committed on a charge of felony, above the degree of petit larceny; some cause must be shown. Goodwin's Case, 5 C. H. Rec. 11; People v. Van Horne, 8 Barb. 158; People v. Restell, 3 How. Pr. 251.

In cases of felony, bail is not a matter of right; after indictment found, the court will not look into the depositions taken before the committing magistrate.   People v. Dixon, 4 Park. 651; s. c. 3 Abb. Pr. 395.

Where the prisoner is found in the actual possession of stolen goods, he will not be admitted to bail. People v. Ferris, 1 Wh. Cr. 19.

Though a crime for which a prisoner is arrested, be denominated murder in the warrant, yet, if the facts show a case of manslaughter only, he may be admitted to bail. People v. Sheriff of Westchester, 1 Park. 659; s. c. 10 N. Y. Leg. Obs. 298; People v. Porter, 8 Barb. 168n.

Even in capital cases, the accused is entitled to be bailed, unless the proof be evident, or the presumption great; that the prisoner has been twice tried, and that the jury, on both occasions, have failed to agree, presents a proper case for admitting to bail. People v. Perry, 8 Abb. Pr. (N. S.) 27; People v. Van Horne, 8 Barb. 158; People v. Hyler, 2 Park. 570; People v. Cole, 6 Park. 695; s. c. 4 Abb. Pr. (N. S.) 280.

On a question of admitting to bail on a charge of homicide, the court will look into the examination taken before the coroner. People v. Beigler, 3 Park. 316.

In a capital case, the prisoner may be admitted to bail, even after indictment found, if the testimony before the grand jury were not sufficient to make out a *prima facie* case of guilt. People v. Baker, 10 How. Pr. 567.

Where the committing magistrate and the court of sessions, in which the indictment is pending, have refused to admit the prisoner to bail, he cannot be bailed by a judge of the supreme court, at chambers; as to such judge, it is *res adjudicata.* People v. Cunningham, 3 Park. 531; reversing s. c. People v. Cunningham, 3 Park. 520.

A defendant may, after conviction, be admitted to bail, to await sentence. McNeil's Case, Col & Caines, 175; s. c. 1 Caines, 72.

A prisoner may be let to bail, even after a conviction, pending a writ of error, if there be a doubt as to the guilt, and the judge be satisfied that bail will secure the appearance of the defendant; but both must concur. People v. Lohman, 2 Barb. 450; People v. Folmsbee, 60 Barb. 480.

Section 2060 of the Code of Civil Procedure, that a prisoner who stands charged upon a criminal accusation, with a bailable offence, upon perfecting his appeal, is entitled, as matter of right, to be admitted to bail, does not apply to one who has been convicted. People v. Bauman, 3 N. Y. Crim. 454.

Section 211 of the Code of Criminal Procedure, relating to the taking of bail to await the action of the grand jury, does not apply to an excise

case which is within the exclusive jurisdiction of a court of special sessions. People v. Starks, 17 St. Rep. 234.

A prisoner will not be admitted to bail, after conviction, and pending a writ of error, where he has had a fair trial, on a bare possibility of error. People v. Bowe, 58 How. Pr. 393.

### Jurisdiction.

After indictment found in the general sessions, any one justice of the peace, as a member of that court, has power to admit a prisoner to bail, for any offense there triable. People v. Huggins, 10 Wend. 464.

The power of taking a recognizance of bail may be conferred upon any local officer appointed to discharge the duties of county judge. People v. Main, 20 N. Y. 434.

Where a defendant is arrested on a warrant, indorsed by a justice of another county, he cannot be let to bail in the county in which he is arrested; if so released from custody, it amounts to an escape. Clark v. Cleveland, 6 Hill, 344; *contra*, Doyle v. Russell, 30 Barb. 300.

A person arrested on a bench warrant cannot be let to bail before being taken to the county where he has been indicted. *Ex parte* Gorsline, 21 How. Pr. 85; s. c. 10 Abb. Pr. 282.

A prisoner arrested, in another county than that in which the warrant was issued, for an offence punishable by imprisonment in the State prison, cannot be let to bail by a justice of the supreme court, until he has been taken before some magistrate of the proper county. People v. Chapman, 30 How. Pr. 202.

The power to admit to bail is incident to the power to hear and determine the offense. People v. Van Horne, 8 Barb. 158.

After indictment found, a justice of the supreme court has no power to let to bail, during the session of the court having jurisdiction to try the indictment. *Ex parte* Babcock, 2 Abb. Pr. (N. S.) 204.

The supreme court has power to admit a defendant to bail, on a charge of felony. *Ex parte* Tayloe, 5 Cow. 39.

But in a case of manslaughter, if there be no reasonable doubt of the prisoner's guilt, he ought not to be bailed. *Ex parte* Tayloe, 5 Cow. 39.

A county judge has power to take a recognizance for the appearance of a person indicted for a crime triable in another county; and if he send such recognizance, duly executed by the sureties, to the county judge of the county in which the offense is cognizable, the latter may discharge the prisoner, on his acknowledging the recognizance. People v. Hurlburt, 44 Barb. 126.

Where a justice of the peace is authorized to take a recognizance only in the absence of the resident police justice, such absence will be presumed, unless the contrary be proved. People v. Mark, 1 Park. 567.

If the court of oyer and terminer having cognizance of the offence be in session, a justice of the supreme court has no power to let the prisoner to bail. People v. Mead, 28 Hun, 227; s. c. 92 N. Y. 415.

Requisites of an indictment against a justice, for discharging an offender, without taking sufficient sureties for his appearance. People v. Coon, 15 Wend. 277.

After the defendant has entered into a recognizance for his appearance before the sessions, the jurisdiction of the magistrate is at an end; he cannot subsequently discharge the defendant. Sandrock v. Knop, 34 How. Pr. 191.

The power to admit to bail is incident to the power to try; but in a capital case, the prisoner, after bill found, will not be admitted to bail, where the evidence, if believed, would warrant a conviction of murder. People v. Shattuck, 6 Abb. N. C. 33.

A defendant, arrested on a bench-warrant, may be let to bail by any justice of the supreme court, if the court having cognizance of the indictment, be not then in session. People v. Clews, 14 Hun, 90; s. c. 77 N. Y. 39.

Under the act of 1876, Ch. 21, a police justice has power to admit a prisoner to bail, pending an examination before him. *Ex parte* Gessner, 53 How. Pr. 515.

The supreme court has no power to admit to bail one charged with the crime of petit larceny in a court of special sessions which has exclusive jurisdiction to try the case in a summary manner. People v. Dutcher, 83 N. Y. 240; reversing s. c. 20 Hun, 241.

After an examination shall have been had and the defendant held to answer to the grand jury, the magistrate's power to admit to bail is

governed by the provisions of Code Crim. Pro. 577. Sutherland v. St. Lawrence County, 101 App. Div. 299; 91 N. Y. Supp. 962.

Under 192, Code of Crim. Pro., whether the crime charged be punishable by imprisonment exceeding five years or not, on an adjournment during the examination, if the crime be bailable, the magistrate has the right to accept bail on a deposit of money in lieu thereof. Sutherland v. St. Lawrence County, 101 App. Div. 299, 91 N. Y. Supp. 962.

In a proper case, the court may increase the amount of bail demanded by the committing magistrate. People v. McKinnon, 1 Wh. Cr. Cas. 170.

In a prosecution under 16 of the act of 1857, to regulate the sale of liquors, the amount of bail is in the discretion of the magistrate. People v. Page, 3 Park. 600.

On a motion to bail, on a charge of felony, the court will not confine itself to the depositions. People v. De Graff, 1 Wh. Cr. Cas. 141.

The court have no power to respite a recognizance to a succeeding term, against the express dissent of the bail, who have the principal in court at the time. People v. Clary, 17 Wend. 374.

### Deposit of Money in Lieu of Bail.

Moneys deposited in lieu of bail are to be treated as if they had been recovered on a recognizance. Sutherland v. St. Lawrence County, 101 App. Div. 299, 91 N. Y. Supp. 692.

One R. was arrested for arson, and deposited in lieu of bail, money belonging to an estate of which he was the executor. After the forfeiture of the bail R's letter's testamentary were revoked, and the administrator with the will annexed, who was appointed brought an action against the county to recover the money deposited—Held that plaintiff could not recover in the absence of proof of bad faith on the part of the officials concerned in the transaction. Sutherland v. St. Lawrence County, 101 App. Div. 299, 91 N. Y. Supp. 962.

A recorder of a city whose charter simply authorizes him to take bail, is not authorized to accept money in lieu of bail; if he so takes money, his act is void, and renders him liable for the money as the property of the prisoner. Eagan v. Stevens, 39 Hun, 311.

If money be deposited in lieu of bail in a criminal action, it is to be considered as the money of the defendant, and although in fact furnished

by a third person, it may be applied in payment of any fine imposed upon the defendant. People v. Laidlaw, 102 N. Y. 588.

Money deposited with the city chamberlain, in lieu of bail, to secure the release of a defendant, who never had any interest in the money, cannot be applied to the payment of a judgment recovered against such defendant is an independent civil action, and an order should not be granted in supplementary proceedings, directing the payment of a part of such money to the sheriff, to be applied to the satisfaction of such judgment. McShane v. Pinkham, 22 Civ. Pro. 173; s. c. 46 St. Rep. 65.

Where a sum of money was deposited as bail upon the release of a prisoner in extradition proceedings, and the money was claimed by his attorney, who had collected the money for the prisoner and deposited it in lieu of bail, and it was also claimed by attaching creditors of the prisoner, it was held, that under the evidence the question of ownership was for the jury. Ferguson v. Zeltner, 41 N. Y. Supp. 556; s. c. 18 Misc. 745.

### Recognizance—Form and Validity.

The statute requiring recognizances to be signed only require the signature of the cognizor. People v. Huggins, 10 Wend. 464.

A failure of the principal to acknowledge his signature to an under-taking for his appearance for trial does not affect the liability of the sureties who have properly executed it. People v. Hammond, 26 St. Rep. 486; s. c. 7 N. Y. Supp. 219.

A recognizance cannot be made returnable before a judge at chambers; it must be returnable at court. Corlies v. Waddell, 1 Barb. 355.

A memorandum in the minutes of the court, stating after the arraignment of the prisoner, that he was ordered to enter into a recognizance in a certain sum for his appearance at the next term, and that he was recognized in that sum as principal, and A as surety is not sufficient from which subsequently to draw up a recognizance in form. People v. Felton, 36 Barb. 429.

A mistake in the year by which no one could have been misled will not vitiate a recognizance. People v. Welch, 47 How. Pr. 420.

The Supreme Court of Pennsylvania went much further in sustaining a defective recognizance. Fox v. Commonwealth, 1 Notes of Cases, 243.

An immaterial addition to the title of the court may be rejected as surplusage. People v. Hawkins, 5 How. Pr. 1; s. c. 3 Code R. 42.

A justice must take a recogniance for the defendant's appearance at the next court having cognizance of the offence. People v. Mack, 1 Park. 567.

A recognizance to appear and answer is valid if the offence be substantially, though not technically, set forth. People v. Blankman, 17 Wend. 252.

A recognizance to appear and answer need not recite the facts which confer jurisdiction nor describe a criminal offence; it is sufficient if it require the party to appear and answer all such matters and things as shall be objected against him. Gildersleeve v. People, 10 Barb. 35.

A recognizance to testify must contain an acknowledgment of indebtedness to the people, and state the offense charged. People v. Rundie, 6 Hill, 506.

A recognizance to appear and testify is not vitiated by the addition of the words, " as well to the grand as the petit jury, and not depart the said court without leave." People v. Millis, 5 Barb. 511.

A recognizance whereby the cognizor consents that, upon a failure to perform the conditions, the debt shall become absolute and may be made a debt of record and judgment perfected thereon, is valid and binding; it violates no constitutional provision. People v. Quigg, 59 N. Y. 83; s. c. 5 Daly, 365.

Where several indictments for forgery are found on 'the same day the recognizance need not specify to which one of them it refers. People v. Oyer and Terminer, 7 Hun, 114.

An undertaking of bail is not void because of an omission to fill in the blank intended for the specification of the nature of the crime. The surety is bound for the appearance of the prisoner, not only to answer the specific crime, but also another charge for which he may be indicted, and is not released until the prisoner is discharged by the court. People v. Gillman, 125 N. Y. 372; s. c. 35 St. Rep. 280, reversing s. c. 58 Hun, 368; 34 St. Rep. 629.

An undertaking in a criminal action which recites the arrest of the principal and his imprisonment for a crime named, and is conditioned that he will appear at the quarter sessions and answer said charge, is sufficient; in an action upon such undertaking the legality of the preliminary proceedings is immaterial, if the arrest was under color of process. It is no

defence that the district attorney told the counsel for the prisoner that he could go away and he would send for him when he wanted him. People v. Brown, 37 St. Rep. 178.

A recognizance taken in the oyer and terminer, for the defendant's appearance "at the next court of oyer and terminer" is sufficiently certain. People v. McCoy, 39 Barb. 73.

A recognizance taken in the oyer and terminer for the prisoner's appearance at a court of general sessions, to answer to a pending indictment, must be entered in the minutes of the court; and such entry must contain all the substantial parts of the recognizance. People v. Graham, 1 Park. 141.

A recognizance to appear is valid, if taken before an officer authorized to let to bail, though not the one before whom the application is pending. People v. Leggett, 5 Barb. 360.

Where a cause is removed by certiorari, the bail must justify, if required. People v. Vermilyea, 7 Cow. 108.

A discharge upon a prisoner's own recognizance is merely an admission to bail without surety. People v. Harber, 100 App. Div. 317, 91 N. Y. Supp. 571.

The inaccurate or inadequate recital of the offense in a bail bond in no manner affects its validity. People v. Russell, 35 Misc. 765, 72 N. Y. Supp. 1.

Where a complainant in a magistrate's court voluntarily enters into a recognizance he admits the authority of the magistrate and acknowledges the regularity of the proceedings in which it is taken and where the bail bond inaccurately recites the offense neither such complainant nor his surety can, because of such recital, have a judgment entered for the forfeiture of the bond vacated. People v. Russell, 35 Misc. 765, 72 N. Y. Supp. 1.

### Same—Extent of Liability.

A prisoner convicted of a crime and sentenced to a fine and imprisonment obtained a certificate of reasonable doubt and was admitted to bail on an undertaking, Held that where the conviction was affirmed and the defendant surrendered himself but did not pay the fine, the surety was liable upon the undertaking for the amount of the fine. People v. Connolly, 88 App. Div. 303; 84 N. Y. Supp. 617.

An order forfeiting a recognizance the caption and certain words of which indicate that it is an order of the " Court of General Sessions of the Peace holden in and for the City and the county of New York " but which was not entered as an order, and did not become a part of the records of that court and was signed with the name of the magistrate as " judge of the Court of General Sessions " was held when taken in its entirety, to be the act of the magistrate signing it and to be within his powers. People v. Rich, 36 App. Div. 60; 56 N. Y. Supp. 277.

The bail of an absconding prisoner arrested under process from a federal court were held liable on their agreement with a United States deputy marshal to arrest the prisoner and surrender him to the government. Deuhert v. Schwend, 13 St. Rep. 712.

Where a cause is removed, the defendant must appear at the circuit, without a rule to try, or his recognizance is forfeited. People v. Winchell, 7 Cow. 160.

### Same—Forfeiture.

Where, on an application for the vacation of a judgment of forfeiture of recognizance and the repayment of the money paid thereon, it appeared that sixteen years had elapsed, though the principal had been in the jurisdiction of the court for twelve years, and the money paid had been applied to county purposes, and the applicant in explanation of his delay set up ignorance of his rights, the granting of such application was error. Matter of Sayles, 84 App. Div. 210, 82 N. Y. Supp. 671.

Under Code Civ. Pro. 597, 598, the Supreme Court may vacate a judgment of forfeiture on a recognizance entered on the surety's failure to produce the principal, and the production of the district attorney's certificate to the effect that the state has not been prejudiced by such failure is not a condition precedent to the exercise of such power, especially where the district attorney then in office is now dead. Matter of Sayles, 84 App. Div. 210, 82 N. Y. Supp. 671.

The Supreme Court in vacating under Code Civ. Pro., 597, 598 and Consolidation Act 1482, a judgment of forfeiture on a recognizance exercises a discretionary power which is reviewable by the Appellate Division. Matter of Sayles, 84 App. Div. 210, 82 N. Y. Supp. 671.

To entitle the bail to a remission of the forfeiture, it must appear that he in no way connived at the escape of the party indicted, and that he has made reasonable efforts to apprehend and surrender him. People v. Petry, 2 Hilt. 525.

The court of general sessions has concurrent jurisdiction with the New York common pleas in the vacation of judgments upon forfeited recognizanes, and when such an application has been determined in either tribunal, it cannot be entertained in the other. People v. Street, 38 St. Rep. 801; s. c. 14 N. Y. Supp. 778.

Whether a forfeited recognizance given in bastardy proceedings can be remitted, is doubtful People v. Lavery, 34 St. Rep. 297, 1018.

A judgment on a forfeited recognizances will be vacated, upon payment of costs, when the surety has been prevented from making a surrender by the death of the principal. People v. Wissig, 7 Daly, 23.

An application to remit a forfeiture will not be entertained, whilst the accused is a fugitive from justice. People v. Frields, 6 Daly, 410.

A forfeiture will not be remitted, on the ground of a verbal agreement by the district attorney to postpone the case, or give notice. People v. Haggerty, 5 Daly, 532

Nor will a forfeiture be remitted, on the ground that the prisoner was subsequently surrendered, and a colle prosequi entered, or that he was acquitted; unless it affirmatively appear, that the prosecution was not deprived of proofs by the delay; what evidence will be required to establish such fact People v. Carey, 5 Daly, 533; s. c. 6 Daly, 532.

The sickness of the surety at the time of forfeiture is no ground for discharging the judgment on the recognizance. People v. Meehan, 13 St. Rep. 152.

A judgment entered on a forfeited recognizance will be vacated where the defendant was ill and confined to the house on the day of trial. People v. Perlstein, 28 St. Rep. 171; s. c. 7 N. Y. Supp. 662.

A judgment on a forfeited recognizance will be vacated where the defendant afterwards appears and is acquitted. People v. Tietjen, 9 N. Y. Supp. 285.

If the defendant be called at any stage of the trial and fail to appear and answer, his recognizance may be declared and forfeited. People v. Petry, 2 Hilt. 523.

If a regular term of the court intervene at which no jury is summoned,

there can be no forfeiture at a subsequent term.  People v. Derby, 1 Park. 392; People v. Mack, 1 Park. 567.

Where there has been a forfeiture of the recognizance, the court will not discharge the bail on the entry of a new recognizance, but will stay proceedings upon the forfeiture.  People v. Coman, 5 Daly, 527.

A party bound to appear and answer what shall be objected against him, forfeits his recognizance if he depart without leave.  People v. Stager, 10 Wend. 431.

A bond given for the appearance of the defendant, on the adjournment of a case of bastardy, if forfeited if the defendant, after appearing, depart the court without leave.  People v. Jayne, 27 Barb. 58.

A recognizance is forfeited, though the defendant appear, if he depart before the conclusion of the trial.  People v. McCoy, 39 Barb. 73.

A party under recognizance to appear, may be called on any day during the continuance of the court without notice.  People v. Blankman, 17 Wend. 252.

There is a breach of the recognizance if the defendant, though corporally present, do not answer when called.  People v. Wilgus, 5 Dem. 58.

Where a recognizance is conditioned for the defendant's appearance on a day certain, and from time to time as directed by the justice, and the proceedings are adjourned at a time when the defendant is not present, there cannot be a forfeiture of a recognizance at a subsequent adjourned day.  People v. Scott, 67 N. Y. 585.

Where the district-attorney stated that he should not move the indictment at that term, and the accused relying on such statement did not further attend the term a forfeiture on the ground of his non-appearance was improper.  People v. Hammond, 26 St. Rep. 486; s. c. 7 N. Y. Supp. 219.

On proceedings to forfeit a recognizance, the oyer and terminer will not examine any question of fact outside the record; these are questions for the common pleas, on a proper application.  People v. Oyer and Terminer, 7 Hun, 114; People v. Sands, 7 Hun, 235.

A forfeiture will be remitted, where the prosecution has not been prejudiced by the default.  People v. Abrahams, 6 Daly, 120; People v. Cary, 6

On an application to remit a forfeiture, where the prisoner has been surrendered, and acquitted on a trial, certified copies of the recognizance, indictment, order of forfeiture, and record of acquittal must be furnished, with proof that the prosecution has not suffered by the delay. People v. Carey, 6 Daly, 406; People v. Williams, 6 Daly, 409.

The court of General Sessions of the Peace in and for the city and county of New York has power to forfeit a recognizance taken by one of its judges as a magistrate. People v. Rich, 36 App. Div. 60, 56 N. Y. Supp. 277.

Where an accused once pleads not guilty and on an adjournment date his counsel appears alone and refuses to plead, it is error for the court to declare the accused's bail forfeited. People v. Welsh, 88 App. Div. 65, 84 N. Y. Supp. 703.

Where a person charged with a misdemeanor, is released on recoginzance and fails to appear at the time and place of trial but his attorney does appear, and states that defendant is ill but he is willing to proceed with the trial the court should not refuse the trial and forfeit the recognizance. People v. Miller, 63 App. Div. 11, 71 N. Y. Supp. 212.

Under the act of 1844, the docketing of a forfeited recognizance with a certified copy of the order of the court, in the office of the county clerk, operates as a judgment of the court of common pleas; it is a lien on real estate, and a transcript of it may be certified to another county. People v. Lott, 21 Barb. 130.

Judgment may be entered on a recognizance in a criminal case, by filing the same with the county clerk, together with a copy of the order declaring it forfeited, the act of 1855, Ch. 202, only gives an additional remedy. People v. Hickey, 5 Daly, 365; s. c. 59 N. Y. 83.

The common pleas has jurisdiction to remit a forfeit recognizance in whole or in part, upon such terms as appear just and reasonable. The bail in a criminal case have a right to surrender the principal. Harp v. Osgood, 2 Hill, 216.

## Same—Discharge of Surety.

The surety on an undertaking that a prisoner will appear before a magistrate " during " an examination to be held March 7 at two o'clock P. M. is released from liability by a subsequent adjournment of the case by the magistrate without notice to the prisoner or surety. People v. McKenna, 62 App. Div. 327; 70 N. Y. Supp. 1057.

A continuance until the next term, on the application of the principal discharges the sureties in the recognizance. People v. Greene, 5 Hill, 647.

If a party bound by recognizance be subsequently arrested on a bench-warrant, before a forfeiture and escape, his bail are discharged. People v. Stager, 10 Wend. 431.

An arrest on a bench-warrant after a forfeiture does not release the bail. People v. Anable, 7 Hill, 33.

If a prisoner be recognized to appear at the next term to answer a certain indictment found against him, the quashing of such indictment discharges the obligation. People v. Felton, 36 Barb. 429.

The security in a recognizance given by the putative father of a bastard is not discharged by a subsequent act making the child a county instead of a town charge. People v. Haddock, 12 Wend. 475.

Delivering a prisoner to the authorities of another State on extradition, without the knowledge of bail who had entered into a recognizance for his appearance here, exonerates the bail. People v. Moore, 4 N. Y. Crim. 205.

An application for discharge by a surety for the good behavior of another was refused because the papers used on the application did not contain a certified copy of the undertaking and of the judgment of conviction. People v. McQuade, 12 St. Rep. 673.

## Indemnity of Bail.
It is not contrary to public policy to indemnify bail on a criminal prosecution. Malone v. Nelson, 158 N. Y. 351, 53 N. E. Rep. 31; affg. s. c. 12 App. Div. 545, 42 N. Y. Supp. 418.

## Actions upon Forfeited Bail.
An action will lie in the supreme court, on a recognizance taken in the oyer and terminer; but it must first be filed of record. People v. Van Eps, 4 Wend. 387.

No action will lie upon a recognizance until it has been filed of record. People v. Shaver, 4 Park. 45.

The supreme court has jurisdiction of a suit on a forfeited recognizance, but they will not exercise it unless special reasons be shown why the action is not presented in the common pleas. People v. Blackman, 1 Dem. 632.

An action on a forfeited recognizance may be brought in any court having jurisdiction of the parties, though they all reside in the county in which it was taken. People v. Allen, 2 How. Pr. 34, *contra;* People v. Blackman, 1 Dem. 632.

No one but the district-attorney can prosecute for an alleged breach of a recognizance for good behavior. People v. Myers, 1 Sheld. 420.

### Same—Pleadings.

In an action on a recognizance, it should be averred that the default was entered of record. People v. Van Eps, 4 Wend. 387.

Requisites of a declaration, upon the breach of a recognizance for good behavior. People v. Mitchell, 1 Sand. 191.

The declaration must set forth the facts showing the magistrate's right to require bail in the particular case. People v. Koeber, 7 Hill, 39.

In declaring on a recognizance, it is not necessary to have the special facts by which the officer became authorized to proceed in the particular case. People v. Kane, 4 Dem. 530; Champlain v. People, 2 N. Y. 82; People v. Millis, 5 Barb. 511.

It is not necessary, in the declaration, to aver the order of the court, directing a prosecution. People v. Blankman, 17 Wend. 252.

It need not be positively averred that the recognizance was filed in, or made a record of the court, in which it was returnable; it is enough, on general demurrer, that it be referred to as a record of the court. People v. Huggins, 10 Wend. 464.

An averment that the principal, though called, did not appear is equivalent to an averment that his default was entered of record. People v. Huggins, 10 Wend. 464.

In an action on a recognizance, given for the support of a bastard it is not necessary to assign branches. People v. Corbett, 8 Wend. 520; People v. Tilton, 13 Wend. 597.

In a declaration on a recognizance for appearance, it is not necessary to show that there was probable cause for believing the accused guilty of the charge preferred, nor that the magistrate made any adjudication in the matter. Champlain v. People, 2 N. Y. 82; overruling People v. Koeber, 7 Hill, 39; People v. Young, 7 Hill, 44; People v. Kane, 4 Dem. 530.

In a suit on a recognizance for appearance, an averment that the recognizance was respited and continued to a succeeding term, and that at such succeeding term the party made default, sets forth no sufficient breach. People v. Hainer, 1 Dem. 454.

In an action on a recognizance, taken in a justice's court, on a plea of title, it is incumbent on the plaintiff to prove the bona fide commencement of a suit at the next term of the court pleas. Brown v. Van Duzen, 11 Johns. 472.

On the plea of *non est factum*, it need not be shown that the default was entered of record. People v. Haddock, 12 Wend. 475.

### Same—Defenses Thereto.

It is a good defense to an action on a recognizance for a person's appearance to answer a criminal charge, that he has been arrested and committed to jail in another county. People v. Bartlett, 3 Hill, 570.

It is a valid excuse for the non-appearance of the principal, that he has enlisted as a soldier in the army of the United States, and was prevented from appearing by order of the commander-in-chief. People v. Chusney, 44 Barb. 118; People v. Cook, 30 How. Pr. 110.

It is a good defense to an action on a recognizance, that the arrest of the principal was illegal. People v. Shaver, 4 Park. 45.

The inability of the principal to appear, by reason of the act of God, is a good defense to an action against the bail. People v. Tubbs, 37 N. Y. 586.

The allowance of a certiorari in a criminal case, operates to stay proceedings upon a forfeited recognizance. People v. Devlin, 7 Daly, 47.

In an action on a recognizance, given by the putative father of a bastard, the verdict and judgment are for the penalty. People v. Relyea, 16 Johns. 155; People v. Tilton, 13 Wend. 597.

A prisoner held under a charge of homicide, was admitted to bail on an undertaking in the form prescribed by Code Crim. Pro. 568, and which provided that " the above named Messina Genova shall appear and answer the charge above mentioned in whatever court it may be prosecuted and shall at all times render himself amenable to the orders and process of the court." The charge of homicide was dismissed by the grand jury but on the same day an indictment was found against him for perjury upon the inquest of the death of the man he was charged with killing—Held, that

the bondsman was liable on the undertaking for a failure of the accused to plead to this indictment. Pernetti v. People, 99 App. Div. 391; 91 N. Y. Supp. 210; affd. 181 N. Y. 556, 74 N. E. Rep. 1124.

## Same—Vacating Judgment.

An application to set aside a judgment entered on a forfeited recognizance, should be granted where the defendant subsequently appeared, submitted to trial, and complied with the requirements of the judgment thereon, and where no loss or injury had been sustained. People v. Weber, 31 St. Rep. 552, 11 N. Y. Supp. 53.

Where, after judgment, the principal surrenders himself, and is tried, convicted and sentenced the judgment will be vacated, on payment of costs. People v. Deery, 6 Daly, 493.

Where the defendant's absence was caused by his removal from his former place of employment and residence, and he was subsequently surrendered, tried, found guilty, and sentenced to pay a fine, which he paid, judgment on the forfeited recognizance was vacated. People v. Flynn, 28 St. Rep. 18; s. c. 7 N. Y. Supp. 661.

A judgment on a forfeited recognizance will be vacated where the principal afterwards appear and is tried and convicted. People v. Brady, 28 St. Rep. 170; s. c. 7 N. Y. Supp. 661; People v. Mahan, 9 N. Y. Supp. 284.

A judgment on a forfeited recognizance will be vacated were the defendand afterwards appears and pleads guilty and pays the fine imposed. People v. Perlstein, 28 St. Rep. 402; s. c. 7 N. Y. Supp. 662; People v. Cooney, 9 N. Y. Supp. 285; People v. Treasor, 9 N. Y. Supp. 285.

A judgment on a forfeited recognizance will be vacated where it appears that the prisoner, being present and not hearing his name called failed to answer, and he was later on produced and convicted and paid the fine. People v. Baer, 28 St. Rep. 412; s. c. 7 N. Y. Supp. 660.

Where the defendant, after the forfeiture, pleads guilty and pays the fine imposed, and the district-attorney and deputy-sheriff certify that the people have lost no rights, the judgment upon the forfeited recognizance should be vacated. People v. Madden, 16 Daly, 63; s. c. 29 St. Rep. 503; s. c. 8 N. Y. Supp. 531.

A judgment on a forfeited recognizance will not be vacated without the

certificate of the district-attorney that the people have lost no rights. People v. Cohen, 13 N. Y. Supp. 921.

A motion to vacate a judgment entered on a forfeited recognizance will not be granted, unless the district-attorney's certificate shows that the expenses incurred in the recapture of the principal and the cost of the proceeding to enforce the forfeiture have been paid. People v. Brady, 34 St. Rep. 307; s. c. 19 Civ. Pro. 312; People v. Lasher, 34 St. Rep. 621.

Where a principal, after forfeiture of his bail is surrendered and convicted and sentenced to imprisonment on the charge against him, judgment against the sureties will be discharged. People v. Johnson, 23 St. Rep. 631; s. c. 4 N. Y. Supp. 705; People v. Boessemaker, 12 St. Rep. 122.

A judgment on a recognizance was vacated where the prisoner surrendered was convicted, and paid his fine and all charges, and the district-attorney certified that the people had lost no rights. People v. Ohlrogge, 13 N. Y. Supp. 814.

Upon an application to vacate a judgment on a forfeited recognizance where the accused was subsequently surrendered, tried, and acquitted, it must also be shown that the prosecutor and all the witnesses for the people were in attendance at the trial, and that the witnesses were examined if necessary; a copy of the evidence taken must also be produced. People v. McGinais, 15 St. Rep. 382.

A judgment upon a forfeited recognizance will not be vacated where the prisoner was subsequently surrendered and acquitted, unless it be shown that the prosecution was not deprived of proofs for the delay, the district-attorney's certificate on this point is not sufficient. People v. Tietjen, 28 St. Rep. 13; s. c. 7 N. Y. Supp. 642.

Upon a motion to vacate a judgment entered on a forfeited recognizance evidence on which the indictment was found should be produced, and the people's principal witnesses should be examined as to whether they were subpœnaed for the trial. People v. Smith, 28 St. Rep. 181; s. c. 7 N. Y. Supp. 659; People v. Tietjen, 28 St. Rep. 13; s. c. 7 N. Y. Supp. 642.

The district-attorney's certificate is not enough to support a motion to vacate a judgment on a forfeited recognizance; such certificate must be supplemented by proof that the people lost no rights. People v. Devine, 28 St. Rep. 404; s. c. 7 N. Y. Supp. 660.

A remission of a forfeited recognizance cannot be directed without proof,

that, by the subsequent production of the defendant the people have lost no rights, and that the costs of the judgment and the expenses of the recapture of the principal have been paid. People v. Rofrano, 16 Daly, 148; s. c. 30 St. Rep. 427; s. c. 9 N. Y. Supp. 634.

Upon a motion to set aside a forfeited recognizance, it must be shown that the principal has either surrendered himself or been surrendered by the surety, or that the surety made diligent efforts to secure and surrender him, or that a noble prosequi has been entered; the district-attorney's and sheriff's certificates must be annexed to the application. People v. Kurtz, 16 Daly, 186; s. c. 31 St. Rep. 276.

A surety on a recognizance who does not pursue the course prescribed by Code Crim. Pro. 590, in surrendering his principal, has the burden, when sued upon the recognizance, of proving that the prisoner was surrendered into the custody of an officer properly authorized to receive him. People v. Mahoney, 89 N. Y. Supp. 424.

Where the defendant was afterwards surrendered and acquitted on failure of complainant to appear, the court will require evidence that the prosecutor and witnesses were notified of the subsequent arraignment, together with a copy of the evidence on which the indictment was found. People v. Samuels, 28 St. Rep. 168; s. c. 7 N. Y. Supp. 659.

A judgment entered on a forfeited recognizance, taken in the special sessions in a prosecution for assault and battery, will be vacated where it is shown that the complainant appeared and acknowledged satisfaction for the injury and requested the discharge of the defendant. People v. Grossman, 15 Daly, 311; s. c. 5 N. Y. Supp. 446.

Where the accused was twice produced for trial, but on neither occasion the complainant appeared, although subpœnaed, and on a later date the case was again called without notice to the accused or his surety.

A judgment on a recognizance given to secure the appearance of a person charged with crime in the court of General Sessions of the Peace, in the city and county of New York, will be deemed to be entered by consent where the recognizance contains the following clause, " In case such undertaking shall be forfeited that a copy of the order of the court forfeiting the same, together with this undertaking be filed in the office of the clerk of the county of New York and that judgment may be entered for the several sums set forth in said undertaking, and that execution issue forthwith thereon according to law," and no appeal will lie from such judgment. People v. Pernetti, 95 App. Div. 510; 88 N. Y. Supp. 714.

It is no defense to an action on a recognizance for appearance that no indictment was found against the principal at such court. Champlain v. People, 2 N. Y. 82.

And neither they nor the complainant appeared, and the recognizance was forfeited and afterwards the surety surrendered the accused who was subsequently discharged, the judgment on the recognizance was vacated. People v. Higgins, 27 St. Rep. 974; s. c. 7 N. Y. Supp. 658.

A judgment on a forfeited recognizance will not be vacated, unless it appear that the accused did not escape conviction through the absence of the prosecutor and witnesses. People v. Flegenheimer, 15 St. Rep. 376.

Where money is paid to satisfy a judgment on a forfeited recognizance and the judgment is afterwards vacated, a motion may be made to require the money to be paid back; upon such motion notice must be given to the district-attorney, proof of the deposit must also be made, and a certified copy produced of the order vacating judgment. People v. Goltze, 16 Daly, 62; s. c. 29 St. Rep. 503; 8 N. Y. Supp. 530.

Upon a motion to compel the comptroller to pay back moneys paid to satisfy judgment on a forfeited recognizance, there should be proof of service of notice on the district-attorney, a certificate of deposit and a certified copy of the order discharging the recognizance. People v. Ketterly, 28 St. Rep. 180; s. c. 7 N. Y. Supp. 657.

A return of money paid on the forfeiture of bail should not be ordered on the ground that an indictment found during the absence of the defendant and upon which new bail was given, was subsequently nolle pross's. People v. Fisher, 8 St. Rep. 382.

If a judgment on a forfeited recognizance be vacated and the moneys ordered repaid, an action lies for the same against the officer who received the moneys and refuses to pay. O'Donnell v. New York, 36 St. Rep. 988.